COMMONWEALTH of Pennsylvania

v.

**Leroy TOWNSEND, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 3, 1997.

Filed April 9, 1997.

---

Robert F. Pappano, Assistant Public Defender, Brookhaven, for appellant.

Vram Nedurian, Jr., Assistant District Attorney, Newtown Square, for Com., appellee.

Before KELLY, FORD ELLIOTT, and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

On May 6, 1994, Jason Scott shot Lavaba Mallison twice and left her to die on a sidewalk in Upper Darby. Shortly thereafter, following a theatrical car chase, Scott and Leroy Townsend, appellant herein, were apprehended and placed under arrest.

Appellant was originally charged in an eight-count information with criminal attempt, simple assault, aggravated assault, recklessly endangering another person, possession of a firearm without a license, possession of an instrument of crime, hindering apprehension or prosecution, and criminal conspiracy.

After it became evident that appellant's involvement in the shooting was limited to providing the weapon and driving the getaway vehicle, appellant entered a negotiated guilty plea to the charges of possessing a firearm without a license and hindering apprehension or prosecution. The plea agreement provided that appellant would receive concurrent sentences of eighteen months to five years incarceration for possessing a firearm without a license and one to two years incarceration for hindering apprehension or prosecution. No agreement was reached with respect to the type of correctional facility in which the sentence would be served.

Following an extensive colloquy, Judge A. Leo Sereni accepted appellant's guilty plea and sentenced him to the pre-arranged terms of incarceration, to be served at an appropriate state institution. After appellant had received his post-sentence rights, appellant's counsel asked the court if it would consider amending its order to allow appellant to serve his sentence at the Delaware County Prison. The court inquired as to whether a county sentence was part of the negotiated plea and was informed that it was not. Nonetheless, the court rescinded its original order and directed that appellant be committed to the Delaware County Prison. The apparent rationale for this was to allow appellant to be eligible for work release.

Approximately one month later, Judge Sereni issued an order granting appellant work release. Sometime thereafter, appellant was transferred to SCI Albion. In June of 1995, appellant filed a *pro se* motion to modify or vacate sentence, in which he alleged that his plea counsel was ineffective for failing to file such motion previously and that his plea agreement provided for county in-

carceration and work release.[1]  On October 19, 1995, Judge Sereni issued an order denying appellant's motion because it was untimely filed.  Additionally, the order indicated that, had the court the jurisdiction to entertain the motion, it would deny relief.

On November 6, 1995, appellant filed a *pro se* appeal from the October 19 order.  Following an application for appointment of counsel, Judge Sereni appointed the Public Defender's Office to represent appellant on his direct appeal.

Appellant's appointed counsel has filed a brief pursuant to *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981), and its federal precursor *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), seeking leave to withdraw his appearance.

In order to be permitted to withdraw from a direct appeal, counsel must first fulfill the following requirements:

1) petition the court for leave to withdraw stating that after making a conscientious examination of the record counsel has determined the appeal would be wholly frivolous;  2) notify appellant of the request to withdraw;  3) furnish appellant with a copy of the brief prepared by counsel;  and 4) advise appellant of his right to retain new counsel, proceed *pro se* or raise any additional points that he may deem worthy of consideration.

*Commonwealth v. Heron*, 449 Pa.Super. 684, 686–87, 674 A.2d 1138, 1139 (1996).  *See also Commonwealth v. Fischetti*, 447 Pa.Super. 381, 383–84, 669 A.2d 399, 400 (1995); *Commonwealth v. Torres*, 428 Pa.Super. 283, 284–88, 630 A.2d 1250, 1251–52 (1993) (*en banc*).  After establishing that the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous.  *Heron*, 449 Pa.Super. at 686–87, 674 A.2d at 1139.

Presently, we find that Attorney Pappano has satisfied the four requirements precedent to withdraw as counsel.  We will therefore proceed to an independent evaluation of the record in order to determine the accuracy of counsel's averment that the instant appeal is wholly frivolous.

As stated, the plea transcript unequivocally demonstrates that the negotiated plea concerned only the length, and not the place, of confinement.  After an extensive colloquy and an unambiguous recitation of the plea agreement, the following exchange occurred:

THE COURT: All right, do you want me to accept the plea **as presented**?

THE DEFENDANT: Yes, I would, Your Honor.

N.T. 12–19–94 at 8 (emphasis added).

It was not until the proceedings were about to conclude that appellant's attorney asked the court to modify its sentencing order to permit appellant to serve his sentence in the county jail.  The court then acquiesced to this request, commenting that appellant was employed and would be eligible for the work release program.

We find, however, that the court lacked the discretion to order that appellant serve his sentence at the county jail.  Pursuant to § 9762 of the Sentencing Code, a defendant sentenced to a term of five years or more incarceration **must** serve such time in a state institution.  The sentencing judge has no authority or discretion to direct that such sentence be served in a county facility.[2]

---

1.  Although the docket reflects that this motion was filed and the parties refer to it in their briefs, we note that the docket also indicates that the motion is "missing."  As such, we are unable to make an independent evaluation of its contents and substance.

2.  42 Pa.C.S.A. § 9762 provides:

§ 9762.  **Sentencing proceeding; place of confinement**

All persons sentenced to total of partial confinement for:

(1) maximum terms of five or more years shall be committed to the Bureau of Corrections for confinement;

(2) maximum terms of two years or more but less than five years may be committed to the Bureau of Corrections for confinement or may be committed to a county prison within the jurisdiction of the court;

(3) maximum terms of less than two years shall be committed to a county prison within the jurisdiction of the court except that as facilities become available on dates and in areas designated by the Governor on procla-

*See, e.g., Commonwealth v. Dennis,* 366 Pa.Super. 412, , 531 A.2d 485, 486 (1987); *Commonwealth v. Pulling,* 323 Pa.Super. 142, 148–49, 470 A.2d 170, 174 (1983); *Commonwealth ex rel. Black v. Superintendent,* 293 Pa.Super. 442, 443–45, 439 A.2d 193, 194 (1981).

Therefore, in order to properly modify the sentence in the instant matter, the judge would have had to modify the term as well as the place of confinement. The effort to modify the place of confinement alone, considering the length of the sentence, was a nullity, as the court lacked the authority to do so.

■ Moreover, because the plea at issue contained a negotiated term of confinement, the court could not unilaterally alter the length of appellant's incarceration. This Court has repeatedly held that, when evaluating modifications of sentences involving plea agreements, a distinction must be made between agreements in which the parties have agreed upon a specific sentence and those in which the length of the sentence is left to the sound discretion of the court. *See, e.g., Commonwealth v. Daniels,* 440 Pa.Super. 615, 623–25, 656 A.2d 539, 543 (1995); *Commonwealth v. Dalberto,* 436 Pa.Super. 391, 400–02, 648 A.2d 16, 21 (1994).

Specifically, we have held that, where the parties have reached a specific sentencing agreement and the court has conducted a colloquy with the defendant regarding the terms of the agreement, the court cannot later modify the terms of the agreement without the consent of the Commonwealth. In effect, this would deny the Commonwealth the full benefit of the agreement which it reached with the defendant and the defendant, in turn, would receive a windfall. *Id.*

Based upon the foregoing, it is evident that a motion to modify and/or vacate appellant's sentence, even if timely filed, would have been of no avail. Additionally, we agree with Attorney Pappano that an appeal based upon this alleged trial court error and/or ineffectiveness of plea counsel would be wholly frivolous.

Order affirmed. Petition to withdraw granted.

Concurring Statement by FORD ELLIOTT, J.

FORD ELLIOTT, Judge, concurring:

Although I join in the majority's disposition of this appeal, I write separately to state my disagreement that a proper *Anders* brief has been filed by counsel. I agree with the majority that counsel has technically complied with the *Anders* requirements. However, I would reject counsel's brief for the following reason.

This court has rejected the submission of a brief purporting to comply with *Anders* which "effectively amounts to an argument in support of affirmance." *Commonwealth v. Greer,* 455 Pa. 106, 110, 314 A.2d 513, 515 (1974). In *Commonwealth v. Thomas,* 354 Pa.Super. 87, 89–91, 511 A.2d 200, 201 (1986) (emphasis in original and supplied), we discussed the proper contents of an *Anders* brief.

We would add these additional comments concerning the content of counsel's *Anders* brief. Counsel need not find meritorious issues if he believes there are none. However, counsel must briefly set forth those issues that appellant wishes to advance as well as any other claims necessary to the effective appellate presentation of those issues. 'Counsel could also include relevant case citations and references to the record in aid of the reviewing' court. *Commonwealth v. McGeth,* 347 Pa. Superior Ct. 333, 342, 500 A.2d 860, 868 (1985) (HOFFMAN, J., concurring) (footnote omitted); *see also Commonwealth v. McClendon,* 495 Pa. 467, 476, 434 A.2d 1185, 1189 (1981) (O'BRIEN, C.J., dissenting) ('Counsel should [limit] his brief to a statement of the facts with citations to the transcript and discussion of the legal issues involved in the case with citations of authority.'). *In other words, counsel need not argue against appellant,* as was done here, *see* Brief for Appellant at 8, or, for that matter, argue the issues as an advo-

mations declaring the availability of State correctional facilities, such persons may be committed to the Bureau of Corrections for confinement.

cate who is *not* seeking leave to withdraw. Instead, by his simply 'flagging' the issues, counsel could better enable this Court to make an independent judgment whether appellant's appeal is, in fact, frivolous. *See Commonwealth v. McClendon, supra,* 495 Pa. at 476, 434 A.2d at 1189 (O'BRIEN, C.J., dissenting) ('[T]he *Anders* Court was concerned with what counsel submitted to the court that might verify counsel's examination of the record and aid the Court in conducting its independent evaluation of the case.').

Instantly, I believe it was improper for counsel to argue against his client and that simply flagging the issues would have been enough. I reiterate that "[i]t is not appellate counsel's responsibility to write a brief for the prosecution...." *Thomas* at 95, 511 A.2d at 204, *quoting Commonwealth v. Oliver,* 479 Pa. 147, 150, 387 A.2d 1266, 1267 (1978). Thus, in an *Anders* situation it is for the Commonwealth, and not for appellant's own counsel, to argue why the issues set forth are meritless.