J-S20019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| EDGAR L. GUIHER, JR., | |
| Appellee | No. 961 WDA 2015 |

Appeal from the PCRA Order of June 8, 2015
In the Court of Common Pleas of Crawford County
Criminal Division at No(s): CP-20-CR-0000489-2013

BEFORE:  PANELLA, OLSON and PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED FEBRUARY 26, 2016**

The Commonwealth of Pennsylvania appeals from the order entered on June 8, 2015, which granted the petition filed by Edgar L. Guiher, Jr. ("Guiher") pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.    The case at bar is controlled by our opinion in ***Commonwealth v. Melendez-Negron***, 123 A.3d 1087 (Pa. Super. 2015). In accordance with ***Melendez-Negron***, we hold that "the PCRA court erred in the manner in which it granted relief[; w]e therefore vacate [Guiher's] guilty plea and remand for further proceedings."  ***Melendez-Negron***, 123 A.3d at 1089.

On July 11, 2013, the Commonwealth filed a criminal information against Guiher and charged him with the following crimes:  Count 1: possession of a controlled substance with the intent to deliver (hereinafter

_____
*Retired Senior Judge assigned to the Superior Court.

"PWID") (alleging that Guiher "possess[ed] with [the] intent to manufacture 115 marijuana plants"); Count 2: PWID (alleging that Guiher "possess[ed] with [the] intent to deliver 115 marijuana plants"); Count 3: possessing instruments of crime (alleging that Guiher "possess[ed] personal body armor while in the commission of [a felony]"); Count 4: receiving stolen property; Count 5: possession of a controlled substance; and, Count 6: possession of drug paraphernalia.[1] Commonwealth's Information, 7/11/13, at 1-2.

On February 24, 2014, Guiher and the Commonwealth entered into a negotiated plea agreement. In accordance with this agreement, if Guiher pled guilty to Count 1 (PWID) and agreed to be sentenced under the mandatory minimum sentencing statute at 18 Pa.C.S.A. § 7508(a)(1)(ii), the Commonwealth would agree to the following: Count 1 would be amended to indicate "50 marijuana plants rather than 115" and the Commonwealth would *nolle pros* the remaining counts. **See** N.T. Guilty Plea, 2/24/14, at 2-4.

On February 24, 2014, in accordance with the negotiated plea agreement, Guiher pleaded guilty to the amended Count 1 and, on April 11, 2014, the trial court sentenced Guiher to serve the mandatory minimum term of three to ten years in prison, and pay the mandatory minimum fine of

_____

[1] 35 P.S. § 780-113(a)(30), 35 P.S. § 780-113(a)(30), 18 Pa.C.S.A. § 907(c), 18 Pa.C.S.A. § 3925(a), 35 P.S. § 780-113(a)(16), and 35 P.S. § 780-113(a)(32), respectively.

$15,000.00, pursuant to 18 Pa.C.S.A. § 7508(a)(1)(ii). N.T. Sentencing, 4/11/14, at 9-10; *see also* Sentencing Order, 4/14/14, at 1; Guideline Sentence Form, 4/15/14, at 1. Guiher did not file a notice of appeal from his judgment of sentence.

On March 5, 2015, Guiher (through counsel) filed a timely PCRA petition, where he claimed that he was entitled to relief because he was serving an illegal sentence. Specifically, Guiher claimed that his sentence was illegal, as he was sentenced under an unconstitutional mandatory minimum sentencing statute. Guiher's PCRA Petition, 3/5/15, at 1; *see also* *Commonwealth v. Fennell*, 105 A.3d 13 (Pa. Super. 2014) (holding that 18 Pa.C.S.A. § 7508 was wholly unconstitutional in light of *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151 (2013)).[2, 3] Guiher requested that the PCRA court vacate his judgment of sentence and remand the case for resentencing. Guiher's PCRA Petition, 3/5/15, at 1.

During the April 29, 2015 PCRA hearing, the Commonwealth argued the following:

---

[2] The United States Supreme Court decided *Alleyne* on June 17, 2013 and this Court decided *Fennell* on November 21, 2014.

[3] In *Alleyne*, the United States Supreme Court held that, where an "aggravating fact" increases a mandatory minimum sentence, "the fact is an element of a distinct and aggravated crime. [The fact] must, therefore, be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 133 S.Ct. at 2162-2163.

Assuming *arguendo* that **Alleyne** is applicable and that [the] mandatory minimum sentence is [] unconstitutional even when you enter a plea, I certainly don't think [Guiher] is entitled to a re-sentence. Judge, this was a plea agreement. In that plea agreement, I amended Count 1 from, I think, 115 marijuana plants down to 50. We also *nol prossed* Counts 2, 3, 4, 5, and 6 and in exchange, [Guiher] agreed to a three-year mandatory minimum sentence and that's what we recommended. So the three-year minimum sentence was part and parcel of the agreement.

I'm sure the [trial c]ourt is aware that even though a plea agreement arises in a criminal context, it is contractual in nature and should be analyzed under standard contract principles. . . . Certainly, in this case [Guiher] would be getting more than his bargain if he were simply now going to be re-sentenced on 50 plants when that wasn't part of the original deal. Certainly, the [] prosecution would be at a severe disadvantage.

He's not entitled to more than a benefit of his bargain. . . . So I think the relief, if he is entitled to relief, is that he gets to withdraw his guilty plea and that the original criminal information comes back to life and we start from scratch.

N.T. PCRA Hearing, 4/29/15, at 7-8.

By order entered June 8, 2015, the PCRA court granted Guiher's PCRA petition, vacated Guiher's judgment of sentence, and remanded the case for re-sentencing. PCRA Court Order, 6/8/15, at 1. However, the PCRA court did not vacate Guiher's guilty plea. **See** PCRA Court Opinion, 6/8/15, at 3-5.

The Commonwealth filed a timely notice of appeal from the PCRA court's order. On appeal, the Commonwealth raises one claim:

Whether the PCRA court erred as a matter of law when it granted a new sentencing hearing instead of declaring the original plea agreement null and void when the agreed upon sentence between the parties became illegal pursuant to

- 4 -

subsequent appellate court decisions, thus depriving the Commonwealth of the benefits of its original bargain with [Guiher]?

Commonwealth's Brief at 6.

We agree with the Commonwealth; here, the PCRA court erred when it failed to vacate Guiher's guilty plea and restore the case to its status prior to the entry of the guilty plea.[4], [5]   Indeed, the case at bar is controlled by our opinion in **Melendez-Negron**, 123 A.3d at 1087.

_____

[4] We note that the Commonwealth does not claim that the PCRA court erred when it granted Guiher post-conviction relief.  The Commonwealth only contends that the PCRA court erred "in the manner in which it granted relief."  **Melendez-Negron**, 123 A.3d at 1089.  Specifically, the Commonwealth claims that the PCRA court erred when it failed to completely vacate the guilty plea in this case.  Commonwealth's Brief at 6 and 13.

[5] According to the PCRA court, the Commonwealth is not entitled to relief because: 1) the court's June 8, 2015 order (wherein it granted Guiher's PCRA petition) is an interlocutory order; and 2) the Commonwealth "only recommended a [mandatory minimum] sentence and did not negotiate for a specific sentence."  PCRA Court Opinion, 6/8/15, at 4; PCRA Court Opinion, 7/21/15, at 1.  Both of these contentions are incorrect.  Pa.R.Crim.P. 910 ("[a]n order granting, denying, dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal"); 18 Pa.C.S.A. § 7508(c) ("[t]here shall be no authority in any court to impose on an offender to which this section is applicable a lesser sentence than provided for herein"); **see also Commonwealth v. Wallace**, 870 A.2d 838, 843 n.5 (Pa. 2005) ("[i]n the process of negotiating a guilty plea, the prosecutor may make promises to the defendant, for instance recommending a maximum sentence for the crimes committed. Although the prosecutor is bound to act in accordance with those promises, this 'in no way binds the presiding judge to the terms of the agreement.' **Commonwealth v. Zuber**, 353 A.2d 441, 444 n.4 (Pa. 1976); **see also Commonwealth v. Wilkins**, 277 A.2d 341, 343 (Pa. 1971) (noting that under a negotiated plea agreement, the defendant 'knew that he could not count on the court being bound by the recommendation [of sentence]').  In fact, the presiding judge can still sentence the defendant to any term
*(Footnote Continued Next Page)*

In **Melendez-Negron**, Melendez-Negron was charged with a variety of drug-related crimes. In accordance with a negotiated plea agreement, Melendez-Negron pled guilty to PWID and, on November 15, 2013, the trial court sentenced him to serve a term of five to ten years in prison, pursuant to the mandatory minimum sentencing statute found at 42 Pa.C.S.A. § 9712.1. **Id.** at 1089. Melendez-Negron did not file a direct appeal from his judgment of sentence. However, Melendez-Negron filed a timely PCRA petition, where he claimed that "his sentence was unconstitutional, and therefore illegal, in light of [**Alleyne**]." **Id.** Melendez-Negron requested that the PCRA court vacate his sentence and remand the case for resentencing; he did not request that the PCRA court permit him to withdraw his guilty plea. **Id.** at 1091 n.7.

The PCRA court granted Melendez-Negron's PCRA petition, vacated his sentence, and remanded the case for resentencing. The Commonwealth filed a notice of appeal and claimed, amongst other things, that the PCRA court erred when it merely vacated Melendez-Negron's sentence and remanded the case for resentencing. **Id.** at 1090. According to the Commonwealth, if the PCRA court were going to grant Melendez-Negron relief, the PCRA court was required to vacate Melendez-Negron's entire guilty

_(Footnote Continued)_ ────────────────

allowed under the Sentencing Code, provided that the defendant has the chance to withdraw his guilty plea if the judge's sentence is not in accordance with his negotiated agreement. Pa.R.Crim.P. 591(A)").

plea and "return[ the case] to the *status quo* prior to the entry of the guilty plea." *Id.* at 1091. As the Commonwealth argued: "in consideration of agreeing to a five-to-ten-year period of incarceration, [the Commonwealth] gave up the opportunity to seek sentences on the drug paraphernalia and small amount of marijuana charges. By simply allowing resentencing pursuant to the sentencing guidelines, the Commonwealth . . . [lost] the benefit of its bargain." *Id.* at 1092 (internal quotations and citations omitted).

We agreed with the Commonwealth and concluded that – even though Melendez-Negron did not request that his guilty plea be vacated – the PCRA court erred when it failed to vacate the entirety of Melendez-Negron's guilty plea and restore the case to its status prior to the entry of the guilty plea. *Id.* at 1091-1092.

Within our opinion, we analogized the case to our prior opinions in *Commonwealth v. Hodges*, 789 A.2d 764 (Pa. Super. 2002) and *Commonwealth v. Lenhoff*, 796 A.2d 338 (Pa. Super. 2002). In both *Hodges* and *Lenhoff*, the defendants, the Commonwealth, and the trial court judges were all under the mistaken belief that the defendants were subject to more severe statutory maximum sentences than that which the trial court had the authority to impose. *See Hodges*, 789 A.2d at 765 (the parties mistakenly believed that the defendant was subject to the death penalty when, "because of [the defendant's] age, the death penalty was never applicable"); *Lenhoff*, 796 A.2d at 342-343 (the parties mistakenly

- 7 -

believed that the defendant committed a second-degree felony, when the defendant actually committed a third-degree felony). The defendants then pleaded guilty in order "to avoid [a] sentence . . . [that] the [trial] court did not have the legal authority to impose." *Lenhoff*, 796 A.2d at 342-343. As we held in both *Hodges* and *Lenhoff*, the defendants were entitled to withdraw their guilty pleas, as "[t]he entire process of [the] plea negotiations . . . was affected by [the] . . . [statutory maximum sentencing calculation] error." *Hodges*, 789 A.2d at 767.

Utilizing this precedent, the *Melendez-Negron* Court held:

This case is fundamentally akin to *Hodges* and *Lenhoff;* where it differs is that it is the Commonwealth, not the defendant, who argues that it is being deprived of the benefit of its bargain. We see no reason why the rationale of *Hodges* and *Lenhoff* should be limited to criminal defendants. Indeed, both parties to a negotiated plea agreement are entitled to receive the benefit of their bargain. *See Commonwealth v. Townsend*, 693 A.2d 980, 983 (Pa. Super. 1997) ("[W]here the parties have reached a specific sentencing agreement . . . the court cannot later modify the terms of the agreement without the consent of the Commonwealth" because "this would deny the Commonwealth the full benefit of the agreement which it reached . . . and the defendant, in turn, would receive a windfall."); *Commonwealth v. Coles*, 530 A.2d 453 (Pa. Super. 1987) (holding that granting defendant's motion to modify negotiated plea sentence stripped Commonwealth of the benefit of its bargain). . . . Accordingly, we conclude that the shared misapprehension that the mandatory minimum sentence required by [42 Pa.C.S.A. § 9712.1] applied to Melendez–Negron tainted the parties' negotiations at the outset. As in *Hodges* and *Lenhoff,* the parties' negotiations began from an erroneous premise and therefore were fundamentally skewed from the beginning. Thus, while we affirm the PCRA court's order vacating

> Melendez–Negron's sentence, we further vacate his guilty plea and remand for further proceedings.

***Melendez-Negron***, 123 A.3d at 1093-1094.

The same is true in the case at bar. In this case, Guiher and the Commonwealth entered into plea negotiations under "the shared misapprehension that the mandatory minimum sentence required by [18 Pa.C.S.A. § 7508] applied to" Guiher's case. ***Id.*** This misapprehension "tainted the parties' negotiations at the outset." ***Id.*** Therefore, consistent with ***Melendez-Negron***, we conclude that – since "the parties' negotiations began from [the] erroneous premise" that Guiher was subject to the mandatory minimum sentencing statute found at 18 Pa.C.S.A. § 7508 – the PCRA court erred when it failed to vacate Guiher's guilty plea and restore the case to its status prior to the entry of the plea. ***Id.***

Order vacated in part. Guilty plea vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/26/2016

- 9 -