J-S24034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TYRONE BACON | |
| Appellant | No. 1541 MDA 2015 |

Appeal from the Judgment of Sentence September 8, 2015
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0001007-2014

BEFORE: GANTMAN, P.J., BOWES, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:                          **FILED MAY 24, 2016**

Appellant, Tyrone Bacon, appeals from the judgment of sentence entered in the Lackawanna County Court of Common Pleas, following his guilty plea to robbery and persons not to possess firearms.[1] We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows. On April 14, 2014, Appellant approached the victim, grabbed his cellphone, and fled. When police apprehended Appellant, they conducted a pat down and discovered a small handgun on Appellant's person. The Commonwealth charged Appellant with, *inter alia*, robbery and persons not to possess firearms.

_____

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(v) and 6105(b), respectively.

The remaining procedural history presents a convoluted scenario, which we attempt to clarify. Appellant filed a *pro se* Pa.R.Crim.P. 600 motion to dismiss on April 13, 2015, which the court denied that same day, as counsel represented Appellant.[2] Thereafter, on April 24, 2015, counsel filed a Rule 600 motion to dismiss and a supporting memorandum, to which the Commonwealth responded. The court denied the counseled Rule 600 motion on June 10, 2015. Following the court's decision, Appellant filed on September 4, 2015, a *pro se* notice of interlocutory appeal. Appellant subsequently pled guilty on September 8, 2015, to robbery and persons not to possess firearms. That same day, the court sentenced Appellant to an aggregate term of two to four years' imprisonment, followed by ten years' probation.[3] On December 18, 2015, counsel filed a petition to withdraw and

---

[2] *See generally Commonwealth v. Jette*, 611 Pa. 166, 23 A.3d 1032 (2011) (reiterating rule that court will not consider *pro se* filings of defendant who is represented by counsel of record).

[3] As a general rule, this Court has jurisdiction only over final orders. *Commonwealth v. Rojas*, 874 A.2d 638 (Pa.Super. 2005). "A direct appeal in a criminal proceeding lies from the judgment of sentence." *Commonwealth v. Patterson*, 940 A.2d 493, 497 (Pa.Super. 2007), *appeal denied*, 599 Pa. 691, 960 A.2d 838 (2008). Nevertheless, "[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof." Pa.R.A.P. 905(a)(5). Instantly, the court denied Appellant's counseled Rule 600 motion on June 10, 2015. Appellant filed on September 4, 2015, a *pro se* notice of interlocutory appeal that this Court did not dismiss. Thereafter, Appellant pled guilty and was sentenced on September 8, 2015. Imposition of the judgment of sentence served to revive Appellant's premature notice of appeal, which we will relate forward
*(Footnote Continued Next Page)*

an *Anders* brief.

As a preliminary matter, appellate counsel seeks to withdraw her representation pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *Commonwealth v. Santiago*, 602 Pa. 159, 978 A.2d 349 (2009). *Anders* and *Santiago* require counsel to: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. *Santiago, supra* at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. *Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa.Super. 2007). "After establishing that the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Palm*, 903 A.2d 1244, 1246 (Pa.Super. 2006) (quoting *Commonwealth v. Townsend*, 693 A.2d 980, 982 (Pa.Super. 1997)). In *Santiago, supra*, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to

*(Footnote Continued)* ───────────

to September 8, 2015, to resolve any jurisdictional impediments. *See id.*

withdraw representation:

> Neither **Anders** nor **McClendon**[4] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal.
>
>            \*    \*    \*
>
> Under **Anders**, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

**Santiago, supra** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** at 178-79, 978 A.2d at 361.

Instantly, counsel filed a petition to withdraw. The petition states Appellant's appeal is meritless and that counsel notified Appellant of counsel's request to withdraw. Counsel also supplied Appellant with a letter explaining Appellant's right to retain new counsel or to proceed *pro se* to raise any additional points that Appellant deems worthy of this Court's

---

4 **Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981).

attention. (*See* Letter to Appellant, dated 12/18/15, attached to Application to Withdraw as Counsel.) In the *Anders* brief, counsel provides a summary of the facts and procedural history of the case. Counsel refers to relevant law that might arguably support Appellant's issue raised on appeal. Counsel further states the reasons for her conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the requirements of *Anders* and *Santiago*. As Appellant has filed neither a *pro se* brief nor a brief with privately retained counsel, we review this appeal based on the issue raised in the *Anders* brief:

> WHETHER THE CASE SHOULD HAVE BEEN DISMISSED FOR VIOLATION OF RULE 600?

(*Anders* Brief at 4).

In the *Anders* brief, counsel argues Appellant's guilty plea precludes him from challenging any issue other than the court's jurisdiction, his sentence, or the voluntariness of his plea. Counsel concludes Appellant cannot raise a Rule 600 claim on appeal. We agree.

Rule 600 provides, in pertinent part:

> **Rule 600. Prompt Trial**
>
> (A)   Commencement of Trial; Time for Trial
>
> *   *   *
>
> (2)     Trial shall commence within the following time periods.
>
> > (a)   Trial in a court case in which a written complaint is filed against the defendant shall commence within

365 days from the date on which the complaint is filed.

Pa.R.Crim.P. 600(A)(2)(a). "Rule 600 generally requires the Commonwealth to bring a defendant…to trial within 365 days of the date the complaint was filed." *Commonwealth v. Hunt*, 858 A.2d 1234, 1240 (Pa.Super. 2004) (*en banc*), *appeal denied*, 583 Pa. 659, 875 A.2d 1073 (2005). To obtain relief, a defendant must have a valid Rule 600 claim at the time he files his motion for relief. *Id.* at 1243.

Significantly, "[a] plea of guilty effectively waives all nonjurisdictional defects and defenses." *Commonwealth v. Gibson*, 561 A.2d 1240, 1242 (Pa.Super. 1989), *appeal denied*, 525 Pa. 642, 581 A.2d 568 (1990). A defendant who pleads guilty may not raise a Rule 600 challenge unless he can show the Rule 600 violation affected the voluntariness of the plea itself. *Id.* Here, Appellant challenges the court's denial of his counseled Rule 600 motion. Nevertheless, Appellant does not claim his guilty plea was coerced by the alleged deprivation of his speedy trial rights. Therefore, Appellant's Rule 600 claim is waived. *See id.* Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed; counsel's petition to withdraw is granted.

Judge Musmanno joins this memorandum.

Judge Bowes files a concurring statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/24/2016</u>