J-S77045-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TREVOR EUGENE NEFF, | |
| Appellant | No. 747 MDA 2016 |

Appeal from the Judgment of Sentence December 9, 2015
in the Court of Common Pleas of York County
Criminal Division at No.: CP-67-CR-0006322-2015

BEFORE: PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED DECEMBER 13, 2016**

Appellant, Trevor Eugene Neff, appeals from the judgment of sentence entered following his December 9, 2015 negotiated guilty plea to one count of accidents involving damage to attended vehicle or property, 75 Pa.C.S.A. § 3743(a). On appeal, Appellant claims that the trial court did not sentence him in accordance with the terms of the plea agreement. For the reasons discussed below, we affirm.

We take the underlying facts and procedural history in this matter from our independent review of the certified record. On August 2, 2015, at approximately 1:00 p.m., Appellant ran a red light and struck another

_____

[*] Retired Senior Judge assigned to the Superior Court.

vehicle. (**See** N.T. Guilty Plea Hearing, 12/09/15, at 6). Appellant fled the scene and police ultimately found his vehicle in a parking space nearby. (**See id.**). The police linked Appellant to the car via its registration. (**See id.**). Appellant admitted to the police that he was involved in the accident and had fled the scene. (**See id.**).

On October 14, 2015, the Commonwealth filed a criminal information charging Appellant with one count of accidents involving damage to attended vehicle or property and one count of traffic controls signals — steady red indication.[1] (**See** Criminal Information, 10/14/15). On December 9, 2015, the parties entered into a negotiated guilty plea. It is undisputed that, in return for Appellant's pleading guilty, the Commonwealth agreed to *nolle prosse* the charge of traffic controls signals and to a sentence of twelve months of probation, seventy-five hours of community service, costs and restitution. (**See** N.T. Guilty Plea Hearing, at 2, 8; **see also** Written Guilty Plea Colloquy, 12/09/15, at 7). At the guilty plea hearing, the trial court, *sua sponte*, imposed an additional $1,000.00 fine. (**See** N.T. Guilty Plea Hearing, at 7-8).

At the hearing, a lengthy discussion took place with respect to the issue of restitution. The Commonwealth initially stated that there was a dispute as to restitution and, therefore, the parties were not specifying an

---

[1] 75 Pa.C.S.A. § 3112(a)(3)(i).

exact amount for purposes of sentencing. (*See id.* at 2). The trial court stated that it could not impose sentence with an open restitution amount. (*See id.* at 2). Defense counsel then clarified the matter, stating the following:

> . . . if I can just clear some things up. The **number that the victim is owed, be it the insurance company as well as the victim herself, is not in dispute. What is in dispute — he also has an insurance company, and both of them have open claims. The hope is that his insurance company will pay her insurance company a large portion of what is owed.**
>
> So perhaps, since we **do actually have a solid number**, we can put that on the record. I would still file a motion. If we have proof that his insurance company is paying out some other portion, then what he individually owes would obviously be reduced by what his insurance paid out.

(*Id.* at 2-3) (emphases added). Attorney Alice B. Richards further acknowledged that Appellant understood that he would be responsible for what the insurance company did not pay. (*See id.* at 3). Appellant did not object to counsel's statements. When questioned by the trial court, Appellant agreed that he would pay the fixed amount of restitution ordered by the court and that he had no questions about restitution. (*See id.* at 4). The Commonwealth then stated that there were two amounts of restitution included in the plea agreement; Appellant would pay $15,936.30 to Erie Insurance, and $2,573.53 to the victim. (*See id.* at 5). The trial court commented that this totaled $18,509.83. (*See id.*). The trial court asked

Appellant if he wished to say anything and Appellant replied that he did not. (*See id.*). Appellant then pled guilty. (*See id.* at 6).

On December 21, 2015, Appellant, represented by new counsel, filed a post-sentence motion. In the motion, he challenged the imposition of the $1,000.00 fine. (*See* Post-Sentence Motion, 12/21/15, at unnumbered pages 2-3). In addition, for the first time, he claimed that there was a dispute regarding the amount of restitution requested by the victim, arguing that the restitution for the victim was for the replacement costs for a new vehicle and that this was improper.[2] (*See id.* at unnumbered pages 3-4). The motion was denied by operation of law on May 10, 2016.

The instant, timely appeal followed on May 10, 2016. That same day, without any order of court, Appellant filed a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). On June 29, 2016, the trial court issued an opinion. *See* Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following questions for our review:

1. Whether the [trial] court erred when it failed to strictly enforce Appellant's plea agreement after accepting his plea by imposing an additional $1,000.00 fine not part of the plea agreement?

---

[2] In the motion, Appellant mistakenly claims that counsel had raised this issue at the plea hearing and that she had informed the trial court that a restitution hearing would be required with respect to this. (*See* Post-Sentence Motion, at unnumbered page 3).

- 4 -

>    2. Whether the [trial] court erred by imposing $2,573.53 in additional restitution when such restitution amount was beyond the actual loss of the victim for purposes of 18 Pa.C.S.[A.] § 1106?

(Appellant's Brief, at 5) (unnecessary capitalization omitted).

In his first issue, Appellant claims that the court erred in imposing the $1,000.00 fine after accepting his negotiated plea. (**See** Appellant's Brief, at 11). In his second issue, Appellant avers that the trial court erred in imposing $2,573.53 in restitution to be paid to the victim. (**See id.** at 19). Specifically, Appellant argues that this amount was "beyond the actual loss of the victim for purposes of 18 Pa.C.S.[A.] § 1106[.]" (**Id.**) (most capitalization omitted). Because both issues involve challenges to his plea agreement, we will treat them together.

Appellant claims that his issues are challenges to the legality of sentence and directly on point with this Court's decision in **Commonwealth v. Parsons**, 969 A.2d 1259 (Pa. Super. 2009) (*en banc*), *appeal denied*, 982 A.2d 1228 (Pa. 2009). (**See** Appellant's Brief, at 3-4). We disagree and instead find that we need not address the merits of Appellant's claims because the imposition of the fine and the amount of restitution to be paid to the victim were agreed-upon terms of the plea agreement and Appellant is attempting to unilaterally alter them.[3]

---

[3] This is not the basis of the trial court's decision. However, an appellate court may affirm an order of the trial court on any basis if its decision is
*(Footnote Continued Next Page)*

- 5 -

Here, Appellant does not seek to withdraw his plea agreement but, instead, seeks the benefit of the plea bargain. (*See id.* at 8). This Court has held that there is a duty for the prosecutor

> to honor any and all promises made in exchange for a defendant's plea. Our courts have demanded strict compliance with that duty in order to avoid any possible perversion of the plea bargaining system, evidencing the concern that a defendant might be coerced into a bargain or fraudulently induced to give up the very valued constitutional guarantees attendant the right to trial by jury.

*Commonwealth v. Kroh*, 654 A.2d 1168, 1172 (Pa. Super. 1995) (citations omitted). Moreover, we have cited the federal courts for the proposition that "[i]n determining whether a particular plea agreement has been breached, we look to what the parties to this plea agreement reasonably understood to be the terms of the agreement." *Commonwealth v. Fruehan*, 557 A.2d 1093, 1094 (Pa. Super. 1989) (quoting *United States v. Carbone*, 739 F.2d 45, 46 (2d Cir. 1984)) (internal quotation marks and citations omitted). Lastly, we have stated:

> When determining precisely what the terms of a plea agreement were, we are guided by the analysis concisely set forth in *United States v. Hall*, 730 F.Supp. 646, 650 (M.D. Pa. 1990):
>
> > Although a plea agreement occurs in a criminal context, it remains contractual in nature and is to be analyzed under contract-law standards. *United*

_(Footnote Continued)_ ⸻⸻⸻⸻

correct. *See Commonwealth v. Hernandez*, 886 A.2d 231, 240 (Pa. Super. 2005), *appeal denied*, 889 A.2d 1122 (Pa. 2006).

> *States v. Moscahlaidis*, 868 F.2d 1357, 1361 (3d Cir. 1989). Furthermore, disputes over any particular term of a plea agreement must be resolved by objective standards. *United States v. Nelson*, 837 F.2d 1519, 1522 (11th Cir.), *rehearing denied* 845 F.2d 1032 (1988); *see also United States v. Read*, 778 F.2d 1437, 1441 (9th Cir. 1985) *cert. denied* 479 U.S. 835, 107 S.Ct. 131, 93 L.Ed.2d 75 (1986). A determination of exactly what promises constitute the plea bargain must be based upon the totality of the surrounding circumstances and involves a case-by-case adjudication. *United States v. Grant*, 622 F.2d 308, 312 (8th Cir. 1980).
>
> Any ambiguities in the terms of the plea agreement will be construed against the Government. [*United States v.*] *Crusco*, 536 F.2d [21] at 25 [3d Cir. 1976]. Nevertheless, the agreement itself controls where its language sets out the terms of the bargain with specificity. *See United States v. Krasn*, 614 F.2d 1229, 1233 (9th Cir. 1980).

*Kroh*, *supra* at 1172 (citation formatting provided).

In challenging both the restitution and the imposition of the fine, Appellant relies on this Court's decision in *Parsons*, *supra*. (*See* Appellant's Brief, at 3-4, 11, 13, 15). In *Parsons*, the defendant entered into a negotiated guilty plea with an agreement as to both the charges and the sentence. *See id.* at 1261-62. At sentencing, defense counsel challenged the negotiated sentence, and the trial court concurred, imposing a lesser sentence than the Commonwealth had agreed to. *See id.* at 1264-65. The Commonwealth immediately objected, contending that the change in the sentence represented a rejection of the plea agreement. *See id.* at 1265. On appeal, a panel of this Court found that this claim constituted a

challenge to the discretionary aspects of sentence and held that the Commonwealth waived the claim when it did not file a Rule 2119(f) statement. *See id.* An *en banc* panel of this Court disagreed, holding that a claim of a breach of a plea agreement does not implicate the discretionary aspects of sentence. *See id.* at 1270. However, at no point did this Court hold that a claim of a breach of a plea agreement was a challenge to the legality of sentence; rather, we agreed with the Commonwealth that such a claim was not a challenge "to the sentence imposed" but instead a challenge to "the court's failure to accept or reject the entire plea bargain." *Id.* at 1266; *see also id.* at 1269. Thus, Appellant has not provided any support for the contention that a claim of a breach of a plea agreement is a non-waivable challenge to the legality of sentence. We are bound to follow the decision in *Parsons*, which did not consider such a claim a challenge to the legality of sentence. *See id.*

Further, this Court has held that a trial court cannot alter unilaterally the terms of a plea agreement at the request of a criminal defendant. As we stated in *Parsons*, "when the parties enter the plea agreement on the record and the court accepts and approves the plea, then the parties and the court must abide by the terms of the agreement." *Parsons*, *supra* at 1268 (citations omitted). We have also stated:

> [W]here the parties have reached a specific sentencing agreement and the court has conducted a colloquy with the defendant regarding the terms of the agreement, the court cannot later modify the terms of the agreement without the

- 8 -

consent of the Commonwealth. In effect, this would deny the Commonwealth the full benefit of the agreement which it reached with the defendant and the defendant, in turn, would receive a windfall.

***Commonwealth v. Townsend***, 693 A.2d 980, 983 (Pa. Super. 1997).

In the instant matter, the record reflects that, after the trial court imposed the fine, defense counsel asked if the fine was "something" the trial court wanted to add because it was not included in the plea agreement. (N.T. Guilty Plea Hearing, at 8). When the court indicated that it did wish to add a fine, defense counsel agreed that the trial court was correct in stating that Appellant was "eligible for up to 2,500 bucks." (***Id.***) Defense counsel did not attempt to withdraw the plea, but rather accepted the imposition of the fine as a term of the plea, then moved on to other issues. (***See id.*** at 8-9). Thus, unlike in ***Parsons***, Appellant never objected to the imposition of the fine, advised the Court that imposing such a fine was a breach of the plea agreement, or attempted to withdraw the guilty plea. (***See id.***); ***see also Parsons***, ***supra*** at 1265. Thus, the imposition of the fine was an agreed-upon term of the plea agreement, and once agreed to, the trial court could not unilaterally alter it. ***See Parsons***, ***supra*** at 1268; ***Townsend***, ***supra*** at 983.

With respect to restitution, as noted above, Appellant erroneously argued in his post-sentence motion that defense counsel had challenged the amount of restitution to be paid to the victim and reserved the right to

contest it in a post-sentence motion. (**See** Post-Sentence Motion, at unnumbered page 3). This is simply not the case.

The record reflects that the parties initially attempted to enter the plea without specifying the amount of restitution and the trial court refused to accept the plea without a specified amount. (**See** N.T. Guilty Plea Hearing, at 1-2). In response, defense counsel stated that Appellant **was not disputing the amount of restitution owed to the victim** and that the only issue that would require the filing of the post-sentence motion was the issue of how much money Appellant's insurance company would cover and that amount would need to be subtracted from the amount of restitution. (**See id.** at 2-3). Defense counsel reiterated that Appellant understood that he would be responsible for any amount that his insurance did not cover. (**See id.**). Appellant agreed on the record both that he would pay the fixed amount of restitution ordered by the court and that he had no questions about restitution. (**See id.** at 4). The Commonwealth specified that Appellant would pay $2,573.53 to the victim; Appellant did not dispute this and, immediately thereafter entered his guilty plea. (**See id.** at 5-6). Thus, it is abundantly clear that, at the time Appellant entered his guilty plea, as a

part of the plea agreement, he specifically agreed, on the record, to pay $2,5733.53 to the victim.[4]

In the instant matter, Appellant received the benefit of the plea agreement; the Commonwealth dropped one of the charges against him and agreed to a sentence of probation, community service, and the payment of a specified amount of restitution. Appellant then sought to alter part of the agreement as to the sentence by challenging the portion of the restitution to be paid to the victim. However, as stated above, the trial court had no ability to alter the agreement. *See Parsons*, *supra* at 1268; *Townsend*, *supra* at 983. Thus, Appellant's issue lacks merit.

Accordingly, for the reasons discussed above, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/13/2016

_____

[4] We note that the statements made during a plea colloquy bind a criminal defendant. *See Commonwealth v. Muhammad*, 794 A.2d 378, 384 (Pa. Super. 2002).