J-S79034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
               Appellee   :
  :
                v.   :
  :
KEITH WARREN   :
  :
                Appellant   :   No. 691 EDA 2017

Appeal from the Judgment of Sentence January 27, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0008734-2015,
CP-51-CR-0008736-2015, CP-51-CR-0008752-2015,
CP-51-CR-0008754-2015, CP-51-CR-0008756-2015,
CP-51-CR-0008758-2015

BEFORE:  GANTMAN, P.J., LAZARUS, J., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.:          **FILED MARCH 27, 2018**

Appellant, Keith Warren, appeals from the judgment of sentence entered in the Philadelphia Court of Common Pleas, following his jury trial convictions for criminal attempt (first-degree murder), aggravated assault, possession of an instrument of crime ("PIC"), conspiracy, and persons not to possess a firearm.[1]  We affirm.

The relevant facts and procedural history of this case are as follows. On June 22, 2015, Basil Elliot and two other men attacked Co-defendant. Later that day, Co-defendant convinced Appellant to use Co-defendant's

---

[1] 18 Pa.C.S.A. §§ 901(a), 2702(a)(1), 907(a), 903, 6105(a)(1), respectively.

shotgun to exact revenge on Mr. Elliot. Appellant fired the shotgun numerous times on a crowded street and injured seven people. Appellant then fled through a vacant lot, where police later recovered the shotgun. Police traced the shotgun to Co-defendant's brother, who purchased the shotgun for Co-defendant. At trial, witnesses testified that Appellant and Co-defendant were friends and often frequented the block where the shooting occurred. Witnesses also identified Appellant as the person who used the shotgun on the day of the shooting. On November 10, 2016, a jury convicted Appellant of seven counts each of criminal attempt (first-degree murder), aggravated assault, and PIC, and one count each of conspiracy and persons not to possess a firearm. The court sentenced Appellant to an aggregate term of 100 to 200 years' imprisonment on January 27, 2017.

On February 16, 2017, Appellant timely filed a notice of appeal. On February 22, 2017, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). After the court granted multiple extensions of time, on May 23, 2017, counsel filed a statement of intent to file an **Anders** brief pursuant to Pa.R.A.P. 1925(c)(4). On June 28, 2017, counsel filed his **Anders** brief and motion to withdraw.

As a preliminary matter, appellate counsel seeks to withdraw his representation pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: 1)

petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **Santiago, supra** at 173-79, 978 A.2d at 358-61.  Substantial compliance with these requirements is sufficient.  **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa.Super. 2007).  "After establishing that the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous."  **Commonwealth v. Palm**, 903 A.2d 1244, 1246 (Pa.Super. 2006) (quoting **Commonwealth v. Townsend**, 693 A.2d 980, 982 (Pa.Super. 1997)).

In **Santiago, supra**, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither **Anders** nor **McClendon**[2] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief.  To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal.

---

2 **Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981).

* * *

> Under **Anders**, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

**Santiago, supra** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** at 178-79, 978 A.2d at 361.

Instantly, appellate counsel filed a petition for leave to withdraw. The petition states counsel performed a conscientious review of the record and concluded the appeal is wholly frivolous. Counsel also supplied Appellant with a copy of the withdrawal petition, the brief, and a letter explaining Appellant's right to proceed *pro se* or with new privately-retained counsel to raise any additional points Appellant deems worthy of this Court's attention. In his **Anders** brief, counsel provides a summary of the facts and procedural history of the case. Counsel refers to facts in the record that might arguably support the issues raised on appeal and offers citations to relevant law. The brief also provides counsel's reasons for concluding that the appeal is frivolous. Thus, counsel has substantially complied with the requirements of

***Anders*** and ***Santiago***.

Appellant has filed neither a *pro se* brief nor a counseled brief with new privately-retained counsel; the issue raised in the ***Anders*** brief is:

> WHETHER THERE ARE ANY ISSUES OF ARGUABLE MERIT THAT COULD BE RAISED ON DIRECT APPEAL PRESENTLY BEFORE THIS COURT AND WHETHER THE APPEAL IS WHOLLY FRIVOLOUS?

(***Anders*** Brief at 3).

Our standard and scope of review in this case are as follows:

> When examining a challenge to the sufficiency of the evidence:
>
>> The standard we apply…is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.
>
> This standard is equally applicable in cases where the

evidence is circumstantial, rather than direct, provided that the combination of evidence links the accused to the crime beyond a reasonable doubt.

***Commonwealth v. Orr***, 38 A.3d 868, 872-73 (Pa.Super. 2011) (*en banc*), *appeal denied*, 617 Pa. 637, 54 A.3d 348 (2012) (internal citations, quotation marks, and emphasis omitted).

Appellant argues the Commonwealth's evidence of identification failed to establish beyond a reasonable doubt that Appellant fired the shotgun on the day of the shooting. Appellant submits the evidence was insufficient to sustain his convictions. Appellant avers counsel inadequately cross-examined the Commonwealth's witnesses, which resulted in ineffective assistance of counsel. For the following reasons, we cannot agree.

"A person commits an attempt when with intent to commit a specific crime, he does any act which constitutes a substantial step towards the commission of the crime." 18 Pa.C.S.A. § 901(a).

> A person may be convicted of attempted murder if he takes a substantial step toward the commission of a killing, with the specific intent in mind to commit such an act. ***See*** 18 Pa.C.S.A. §§ 901, 2502. The substantial step test broadens the scope of attempt liability by concentrating on the acts the defendant has done and does not any longer focus on the acts remaining to be done before the actual commission of the crime. The *mens rea* required for first-degree murder, specific intent to kill, may be established solely from circumstantial evidence. [T]he law permits the fact finder to infer that one intends the natural and probable consequences of his acts.

***Commonwealth v. Jackson***, 955 A.2d 441, 444 (Pa.Super. 2008), *appeal denied*, 600 Pa. 760, 967 A.2d 958 (2009) (most internal citations and

- 6 -

quotation marks omitted).

The Crimes Code defines aggravated assault as follows:

**§ 2702.  Aggravated assault**

**(a)   Offense defined.—**A person is guilty of aggravated assault if he:

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;

\* \* \*

18 Pa.C.S.A. § 2702(a)(1).   Serious bodily injury is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ."   18 Pa.C.S.A. § 2301.   The Commonwealth need not prove specific intent in this context if the victim suffers serious bodily injury.  ***Commonwealth v. Nichols***, 692 A.2d 181 (Pa.Super. 1997).

Possessing instruments of crime is defined as:

**§ 907.  Possessing instruments of crime**

**(a)   Criminal   instruments   generally.—**A   person commits a misdemeanor of the first degree if he possesses any instrument of crime with intent to employ it criminally.

\* \* \*

**(d)   Definitions.—**As used in this section, the following words and phrases shall have the meanings given to them in this subsection:

\* \* \*

**"Instrument of crime."** Any of the following:

> (1) Anything specially made or specially adapted for criminal use.
>
> (2) Anything used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have.

18 Pa.C.S.A. § 907. For purposes of Section 907, the Commonwealth must prove: (1) the accused's possession of an object that is an instrument of crime, and (2) the accused's intent to use the object for a criminal purpose. *In re A.C.*, 763 A.2d 889, 890 (Pa.Super. 2000).

Section 903(a)(1) of the Crimes Code provides:

> **§ 903. Criminal Conspiracy**
>
> **(a) Definition of conspiracy**.—A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:
>
> > (1) agrees with such person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime;
>
> *        *        *

18 Pa.C.S.A. § 903(a)(1). To sustain a conviction for criminal conspiracy, the Commonwealth must establish the defendant: 1) entered into an agreement to commit or aid in an unlawful act with another person or persons; 2) with a shared criminal intent; and 3) an overt act was done in furtherance of the conspiracy. *Commonwealth v. Jones*, 874 A.2d 108, 121 (Pa.Super. 2005). Additionally:

> Circumstantial evidence may provide proof of the conspiracy. The conduct of the parties and the circumstances surrounding such conduct may create a "web of evidence" linking the accused to the alleged conspiracy beyond a reasonable doubt. An agreement can be inferred from a variety of circumstances including, but not limited to, the relation between the parties, knowledge of and participation in the crime, and the circumstances and conduct of the parties surrounding the criminal episode. These factors may coalesce to establish a conspiratorial agreement beyond a reasonable doubt where one factor alone might fail.

*Id.* at 121-22.

> The essence of a criminal conspiracy is the common understanding that a particular criminal objective is to be accomplished. Mere association with the perpetrators, mere presence at the scene, **or** mere knowledge of the crime is insufficient. Rather, the Commonwealth must prove that the defendant shared the criminal intent, *i.e.,* that the [defendant] was an active participant in the criminal enterprise and that he had knowledge of the conspiratorial agreement. The defendant does not need to commit the overt act; a co-conspirator may commit the overt act.

***Commonwealth v. Lambert***, 795 A.2d 1010, 1016 (Pa.Super. 2002), *appeal denied*, 569 Pa. 701, 805 A.2d 521 (2002) (internal citations and quotation marks omitted) (emphasis added). Nevertheless, circumstances such as an association between alleged conspirators, knowledge of the commission of the crime, presence at the scene of the crime, and/or participation in the object of the conspiracy, are relevant to prove a conspiracy, when "viewed in conjunction with each other and in the context in which they occurred." ***Id.***

Section 6105 of the Crimes Code provides:

### § 6105. Persons not to possess, use, manufacture, control, sell or transfer firearms

**(a) Offense defined.—**

(1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S.A. § 6105(a)(1).

"[A]s a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." *Commonwealth v. Grant*, 572 Pa. 48, 67, 813 A.2d 726, 738 (2002). "[A]ny ineffectiveness claim will be waived only after a petitioner has had the opportunity to raise that claim on collateral review and has failed to avail himself of that opportunity." *Id.* "[Thus], a claim raising trial counsel ineffectiveness will no longer be considered waived because new counsel on direct appeal did not raise a claim related to prior counsel's ineffectiveness." *Id.*

Our Supreme Court has recognized two very limited exceptions to the general rule in *Grant* regarding the appropriate timing for review of ineffective assistance of counsel claims:

First, we appreciate that there may be extraordinary circumstances where a discrete claim (or claims) of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration

best serves the interests of justice; and we hold that **trial** courts retain their discretion to entertain such claims.

Second, with respect to other cases and claims…where the defendant seeks to litigate multiple or prolix claims of counsel ineffectiveness, including non-record-based claims, on post-verdict motions and direct appeal, we repose discretion in the **trial** courts to entertain such claims, but only if (1) there is good cause shown, and (2) the unitary review so indulged is preceded by the defendant's knowing and express waiver of his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA.

***Commonwealth v. Holmes***, 621 Pa. 595, 598-99, 79 A.3d 562, 563-64 (2013) (internal citations and footnotes omitted) (emphasis added).

Instantly, Appellant fired Co-defendant's shotgun numerous times on a crowded street, with the intent to enact revenge on Mr. Elliot. Appellant ultimately injured seven people. Witnesses testified at trial that Appellant and Co-defendant frequented the block where the shooting occurred and identified Appellant as the shooter. A jury convicted Appellant of seven counts each of criminal attempt (first-degree murder), aggravated assault, and PIC, and one count each of conspiracy and persons not to possess a firearm.

The Commonwealth presented sufficient evidence to support Appellant's convictions. Appellant used Co-defendant's shotgun and caused serious bodily harm to seven people in the process of shooting Mr. Elliot. ***See*** 18 Pa.C.S.A. §§ 2702(a)(1), 2301, 907, 903; ***Jones, supra***; ***Nichols,***

*supra*; *In re A.C., supra*. The jury could reasonably infer from Appellant's actions that he intended the natural and probable consequences of his act. *See* 18 Pa.C.S.A. § 901(a); *Jackson, supra*. Additionally, at trial, counsel stipulated Appellant was a person not to possess a firearm. *See* 18 Pa.C.S.A. § 6105(a)(1). Viewed in the light most favorable to the Commonwealth, there was sufficient evidence to find every element of Appellant's challenged convictions beyond a reasonable doubt. *See Orr, supra*.

Regarding Appellant's challenge to counsel's effectiveness, neither *Holmes* exception applies to Appellant's case as his ineffectiveness claims are not so apparent from the record, nor has he waived his right to seek collateral review. *See Holmes, supra*. Absent these exceptions, the general rule in *Grant* applies. Pursuant to *Grant*, we dismiss Appellant's ineffectiveness of counsel claim(s) but do so without prejudice to allow Appellant to challenge counsel's effectiveness in a timely petition for collateral relief. *See Grant, supra*. Following our independent review of the record, we conclude the appeal is otherwise wholly frivolous. *See Palm, supra*. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/27/18