J-S43005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMES EDWARD DROB, SR. | |
| Appellant | No. 1367 MDA 2015 |

Appeal from the Judgment of Sentence July 8, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0000897-2014

BEFORE:  GANTMAN, P.J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED JUNE 01, 2016**

Appellant, James Edward Drob, Sr., appeals from the judgment of sentence entered in the Luzerne County Court of Common Pleas, following his guilty plea to one (1) count each of conspiracy and criminal use of communication facility.[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows. On December 19, 2013, a confidential informant ("CI") spoke with Appellant via telephone to arrange a purchase of heroin.  Appellant told the CI that another individual, William Rivera, Jr., would sell heroin to the CI.  Under police surveillance, the CI subsequently drove to Appellant's residence. Appellant entered the CI's vehicle and directed the CI to an address where

_____

[1] 18 Pa.C.S.A. §§ 903, 7512, respectively.

Mr. Rivera was present. Upon arrival, Appellant entered the residence with the CI. The CI then purchased heroin from Mr. Rivera with pre-recorded buy money.

On July 17, 2014, Appellant pled guilty to conspiracy to deliver a controlled substance and criminal use of communication facility. On July 8, 2015, the court sentenced Appellant to concurrent terms of thirty-six (36) to seventy-two (72) months' incarceration for each offense. Appellant filed a timely notice of appeal on August 3, 2015. The court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b). On September 9, 2015, counsel filed a statement of intent to file an **Anders**[2] brief, pursuant to Pa.R.A.P. 1925(c)(4). On February 29, 2016 counsel filed with this Court a petition to withdraw as counsel.

As a preliminary matter, appellate counsel seeks to withdraw his representation pursuant to **Anders, supra** and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file

---

[2] **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

a *pro se* brief to raise any additional points the appellant deems worthy of review. ***Santiago, supra*** at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. ***Commonwealth v. Wrecks***, 934 A.2d 1287, 1290 (Pa.Super. 2007). "After establishing that the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous." ***Commonwealth v. Palm***, 903 A.2d 1244, 1246 (Pa.Super. 2006) (quoting ***Commonwealth v. Townsend***, 693 A.2d 980, 982 (Pa.Super. 1997)).

In ***Santiago, supra***, our Supreme Court addressed the briefing requirements where appellate counsel seeks to withdraw representation:

> Neither ***Anders*** nor ***McClendon***[3] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under ***Anders*** are references to anything in the record that might arguably support the appeal.
>
> *   *   *
>
> Under ***Anders,*** the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

***Santiago, supra*** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a

---

[3] ***Commonwealth v. McClendon***, 495 Pa. 467, 434 A.2d 1185 (1981).

summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 178-79, 978 A.2d at 361.

Instantly, counsel's petition to withdraw states that counsel conducted a conscientious review of the certified record and determined the appeal is wholly frivolous. Counsel provided copies of the ***Anders*** brief and petition to withdraw to Appellant. Counsel also sent Appellant a letter explaining Appellant's right to obtain new counsel or to proceed *pro se* to raise any additional issues for this Court's consideration. In the ***Anders*** brief, counsel provides a statement of the case and refers to relevant law and evidence of record that might arguably support Appellant's discretionary aspects of sentencing claim on appeal. Counsel further states his reasons for his conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the requirements of ***Anders*** and ***Santiago***.

We proceed to an independent review of the issue raised in the ***Anders*** brief:

WHETHER THE IMPOSITION OF CONCURRENT SENTENCES ON CASE NO. 897 OF 2014 IS HARSH AND EXCESSIVE UNDER THE CIRCUMSTANCES.

(***Anders*** Brief at 1).

Appellant argues the trial court should have imposed a lesser sentence

because Appellant is a military veteran. Appellant concludes his sentence is manifestly excessive. As presented, Appellant challenges the discretionary aspects of his sentence. *See Commonwealth v. Lutes*, 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing); *Commonwealth v. Cruz-Centeno*, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (stating claim that sentencing court failed to consider or did not adequately consider certain factors challenges discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *See* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *See* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a

separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. ***Commonwealth v. Mouzon***, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Anderson***, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra, supra*** at 912-13 (quoting ***Commonwealth v. Brown***, 741 A.2d 726, 735 (Pa.Super. 1999) (*en banc*), *appeal denied*, 567 Pa. 755, 790 A.2d 1013 (2001)). A bald allegation of excessiveness does not present a substantial question. ***Mouzon, supra***. Additionally, a court's refusal to weigh proposed mitigating factors as the defendant wishes, absent more, does not raise a substantial question. ***Commonwealth v. Moury***, 992 A.2d 162 (Pa.Super. 2010).

Instantly, Appellant failed to raise his sentencing challenge at the sentencing hearing or in a timely filed post-sentence motion. Therefore, Appellant's issue is waived. ***See Evans, supra***. Moreover, Appellant's bare assertion that his sentence was excessive in light of one particular mitigating factor, absent more, does not raise a substantial question. ***See Moury, supra***. Based on our independent examination of the record, we conclude

this appeal is wholly frivolous. Accordingly, we affirm and grant counsel's petition to withdraw.

Judgment of sentence affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/1/2016