J-S52034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER RONALD SMITH | : | |
| | : | |
| Appellant | : | No. 716 MDA 2016 |

Appeal from the Judgment of Sentence August 14, 2015
In the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0005342-2014

BEFORE:   GANTMAN, P.J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:            **FILED SEPTEMBER 22, 2017**

Appellant, Christopher Ronald Smith, appeals *nunc pro tunc* from the judgment of sentence entered in the York County Court of Common Pleas, following his jury trial conviction for criminal trespass and his bench trial conviction for criminal mischief.[1]  We affirm and grant counsel's petition to withdraw.

The trial court set forth the relevant facts of this case as follows:

> On July 29, 2014, at approximately 1:14 A.M., Officer Christopher Roosen of the York County Police Department was on routine patrol in the area of North Beaver Street and Philadelphia Street in York, Pennsylvania when he heard glass breaking from across the street. Subsequently, Officer Roosen traveled south to the vicinity of 48 North Beaver Street, which is the address of the

---

[1] 18 Pa.C.S.A. §§ 3503(a)(1)(ii), 3304(a)(5), respectively.

White Rose Bar & Grill, to investigate the origin of the sound. At that point, Officer Roosen heard the sound a second and third time. After hearing the sound a third time, Officer Roosen exited his patrol car and started to walk around the perimeter of the White Rose Bar & Grill to investigate further. While walking by the establishment's patio area, the office[r] observed the figure of a person within the patio. The patio was enclosed by a tarp, used to secure the property at night and during inclement weather. Officer Roosen shined his flashlight on the individual and directed him to keep his hands visible. At that point, Officer Roosen called for backup.

Once backup arrived, Officer Roosen and another officer went around the rear of the establishment, into Stogies, a separate but attached bar, and through a connecting kitchen in order to access the patio area of the White Rose Bar & Grill. However, before [Officer Roosen] reached [Appellant], another officer found a way under the tarp and onto the patio in order to detain [Appellant]. Once on the patio, Officer Roosen observed a windowpane that had been broken, with shards of glass going into the building. Additionally, [a] surveillance video from that night captured a shadow of [a] person on the patio area.

* * *

On July 14, 2015, after a two day trial, a [j]ury found [Appellant] guilty of Criminal Trespass, not guilty of Burglary, [and] not guilty of Criminal Attempt to Burglary. Additionally, [the court] found [Appellant] guilty on the summary offense of Criminal Mischief.

(Trial Court Opinion, filed July 21, 2016, at 1-3) (internal citations omitted).

The court sentenced Appellant on August 14, 2015, to twenty-one (21) to forty-two (42) months' imprisonment for criminal trespass, with no further penalty for criminal mischief. Appellant timely filed a *pro se* petition under the Post Conviction Relief Act at 42 Pa.C.S.A. §§ 9541-9546 ("PCRA") on January 27, 2016. On February 9, 2016, the court appointed counsel

who filed an amended PCRA petition on March 7, 2016, seeking reinstatement of his direct appeal rights *nunc pro tunc*, which the court granted on April 8, 2016. Appellant timely filed a notice of appeal *nunc pro tunc* on May 4, 2016. On May 11, 2016, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). After the court granted an extension, Appellant timely filed his Rule 1925(b) statement on June 16, 2016.

As a preliminary matter, appellate counsel seeks to withdraw his representation pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **Santiago, supra** at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa.Super. 2007). "After establishing that the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly

frivolous." ***Commonwealth v. Palm***, 903 A.2d 1244, 1246 (Pa.Super. 2006) (quoting ***Commonwealth v. Townsend***, 693 A.2d 980, 982 (Pa.Super. 1997)).

In ***Santiago, supra***, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither ***Anders*** nor ***McClendon***[2] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under ***Anders*** are references to anything in the record that might arguably support the appeal.
>
> \* \* \*
>
> Under ***Anders***, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

***Santiago, supra*** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Id.*** at 178-79, 978 A.2d at 361.

---

2 ***Commonwealth v. McClendon***, 495 Pa. 467, 434 A.2d 1185 (1981).

Instantly, appellate counsel filed a petition for leave to withdraw. The petition states counsel performed a conscientious review of the record and concluded the appeal is wholly frivolous. Counsel also supplied Appellant with a copy of the withdrawal petition, the brief, and a letter explaining Appellant's right to proceed *pro se* or with new privately-retained counsel to raise any additional points Appellant deems worthy of this Court's attention. In his **Anders** brief, counsel provides a summary of the facts and procedural history of the case. Counsel refers to facts in the record that might arguably support the issues raised on appeal and offers citations to relevant law. The brief also provides counsel's reasons for concluding that the appeal is frivolous. Thus, counsel has substantially complied with the requirements of **Anders** and **Santiago**.

Appellant has filed neither a *pro se* brief nor a counseled brief with new privately-retained counsel; we will first review the issues raised in the **Anders** brief:

> WHETHER THE VERDICT OF GUILTY OF CRIMINAL TRESPASS WAS AGAINST THE WEIGHT OF THE EVIDENCE PRESENTED AT TRIAL?
>
> WHETHER THE COMMONWEALTH FAILED TO PRESENT SUFFICIENT EVIDENCE TO CONVICT APPELLANT OF CRIMINAL TRESPASS WHEN THE EVIDENCE PRESENTED AT TRIAL FAILED TO ESTABLISH BEYOND A REASONABLE DOUBT THAT APPELLANT BROKE INTO THE WHITE ROSE BAR AND GRILL?

(**Anders** Brief at 4).

Our standard and scope of review in this case are as follows:

When examining a challenge to the sufficiency of the evidence:

> The standard we apply…is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

This standard is equally applicable in cases where the evidence is circumstantial, rather than direct, provided that the combination of evidence links the accused to the crime beyond a reasonable doubt.

Additionally, the following principles apply to our review of a weight of the evidence claim:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the…verdict if it is so contrary to the evidence as to shock one's sense of justice.

> Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Orr*, 38 A.3d 868, 872-73 (Pa.Super. 2011) (*en banc*), *appeal denied*, 617 Pa. 637, 54 A.3d 348 (2012) (internal citations, quotation marks, and emphasis omitted).

Appellant argues the Commonwealth offered no evidence to establish the breaking element of criminal trespass. As presented, Appellant challenges only his criminal trespass conviction. Appellant complains the verdict was against the weight of the evidence, and the Commonwealth presented insufficient evidence to sustain the verdict. For the following reasons, we disagree.

With respect to Appellant's weight issue, generally, a challenge to the weight of the evidence must be preserved by a motion for a new trial. Pa.R.Crim.P. 607. The Rule provides:

**Rule 607. Challenges to the Weight of the Evidence**

(A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:

(1) orally, on the record, at any time before sentencing;

(2) by written motion at any time before sentencing; or

(3) in a post-sentence motion.

Pa.R.Crim.P. 607(A)(1)-(3). "As noted in the comment to Rule 607, the purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." **Commonwealth v. Gillard**, 850 A.2d 1273, 1277 (Pa.Super. 2004), *appeal denied*, 581 Pa. 672, 863 A.2d 1143 (2004) (internal quotation marks omitted). An appellant's failure to avail himself of any of the prescribed methods for presenting a weight of the evidence issue to the trial court constitutes waiver of that claim, even if the trial court responds to the claim in its Rule 1925(a) opinion. **Commonwealth v. Burkett**, 830 A.2d 1034 (Pa.Super. 2003). **See also** Pa.R.Crim.P. 720(A)(1) (explaining written post-sentence motion shall be filed no later than 10 days after imposition of sentence).

Instantly, the court sentenced Appellant on August 14, 2015. The record demonstrates Appellant did not file a post-sentence motion raising a weight claim. Therefore, Appellant waived his first issue. **See** Pa.R.Crim.P. 607; 720; **Gillard, supra**; **Burkett, supra**. Moreover, even if Appellant had properly preserved his weight claim, we would affirm based on the trial court's analysis:

> [The court's] sense of justice was not shocked by the verdict.
>
>         \*     \*     \*
>
> The phrase "breaks into" requires a person "to gain entry by force, breaking, intimidation, unauthorized opening of

locks, or through an opening not designed for human access." There is significant evidence to show [Appellant] gained entry onto the White Rose Bar & Grill's patio through an opening not designed for human access. Thus, establishing the breaking element of [c]riminal [t]respass.

[Appellant] does not deny he was inside the patio area on July 29, 2014, and that he gained access by manipulating the tarp used to secure the patio at night. [Appellant] testified he entered onto the patio because he was homeless and needed a place to sleep. Further, [Appellant] stated: "I slept in…this bar here like twelve (12) times, maybe more, on the porch area. The porch has a little screen on it you tie. [The bar owner] might have [a] lock on it, but you tie it at the bottom, and I just slid right on in there and I laid down."

When asked to describe the patio area, Jeremiah Anderson, part owner of the White Rose Bar & Grill, testified: "[i]t's a raised concrete area with, it is like wrought iron [metal] fencing around it, [and] it's covered with a canvas canopy, and it also has vinyl clear and black sides that are on rollers that slide off to the different corners and are secured[.] … [A]t nighttime we close those vinyl areas which are secured with zippers as well as little clips that are like hurricane straps that we put on the outside that…secure it to the rail."

Additionally, when describing how he obtained access to the patio, Officer Roosen testified to going through an adjoining bar through the kitchen to gain access to the inside of the property in order to enter out onto the patio.

Thus, in light of these facts, together with all the facts presented to [the court], there was considerable evidence presented to establish [Appellant] entered onto the White Rose Bar & Grill's patio by opening a portion of the encompassing protective tarp, and through the wrought iron fence, not designed for human access. The jury heard the witnesses, evaluated the evidence, and was convinced of [Appellant's] guilt. [The court] finds that upon careful consideration of the record in its entirety, that there is substantial evidence to prove all the elements of [c]riminal [t]respass beyond a reasonable doubt.

(Trial Court Opinion at 5-7) (internal citations omitted). Thus, even if Appellant had properly preserved his weight challenge, it would merit no relief.

With respect to Appellant's challenge to the sufficiency of the evidence, after a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Maria Musti Cook, we conclude Appellant's second issue merits no relief. The trial court opinion addresses and properly disposes of that question. (**See id.** at 7-8) (finding: evidence showed Appellant broke into closed patio of White Rose Bar & Grill through opening not designed for human access; Appellant knew he was not licensed or privileged to enter patio; Commonwealth presented sufficient evidence at trial to sustain conviction of criminal trespass). Regarding Appellant's challenge to the sufficiency of the evidence, we affirm on the basis of the trial court's opinion. Following our independent review of the record, we conclude the appeal is frivolous. **See Palm, supra**. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/22/2017

**IN THE COURT OF COMMON PLEAS OF YORK COUNTY,
PENNSYLVANIA
CRIMINAL DIVISION**

COMMONWEALTH OF
PENNSYLVANIA

       :      NO. CP-67-CR-0005342-2014

       :

          V.       :

       :

CHRISTOPHER RONALD SMITH, :
Defendant       :

### STATEMENT OF LOWER COURT PURSUANT TO PA.R.A.P. 1925(a)

AND NOW, this ___21st___ day of July 2016, upon receipt of a notice

that an appeal has been filed in this matter, and in consideration of the

Concise Statement of Matters Complained Of on Appeal filed on behalf of

Christopher Ronald Smith ("Defendant"), by and through his attorney,

Christopher D. Moore, Esquire, the undersigned files this statement pursuant

to PA.R.A.P. 1925(a). The reasons for this Court's denial of Defendant's

post-sentence motion can be found herein.

**FACTUAL AND PROCEDURAL HISTORY**

On July 29, 2014, at approximately 1:14 A.M., Officer Christopher

Roosen of the York County Police Department was on routine patrol in the

area of North Beaver Street and Philadelphia Street in York, Pennsylvania

1

(88)

when he heard glass breaking from across the street. (Notes of Testimony, Jury Trial ("N.T."), 7/13/2015-7/14/2015, at 65). Subsequently, Officer Roosen traveled south to the vicinity of 48 North Beaver Street, which is the address of the White Rose Bar & Grill, to investigate the origin of the sound. Id. At that point, Officer Roosen heard the sound a second and third time. Id. After hearing the sound a third time, Officer Roosen exited his patrol car and started to walk around the perimeter of White Rose Bar & Grill to investigate further. Id. While walking by the establishment's patio area, the office observed the figure of a person within the patio. Id. at 66. The patio was enclosed by a tarp, used to secure the property at night and during inclement weather. Id. Officer Roosen shined his flashlight on the individual and directed him to keep his hands visible. Id. At that point, Officer Roosen called for backup. Id. at 67.

Once backup arrived, Officer Roosen and another officer went around the rear of the establishment, into Stogies, a separate but attached bar, and through a connecting kitchen in order to access the patio area of the White Rose Bar & Grill. Id. However, before the Officer Roosen reached the Defendant, another officer found a way under the tarp and onto the patio in

2

order to detain the Defendant. Id. Once on the patio, Officer Roosen observed a windowpane that had been broken, with shards of glass going into the building. Id. at 68. Additionally, A surveillance video from that night captured a shadow of person on the patio area. Id. at 105.

Defendant was charged with Criminal Trespass under 18 Pa. C.S.A. 3503(a)(1)(ii); Burglary under 18 Pa. C.S.A. 3502(a)(4); Criminal Attempt to Burglary under 18 Pa. C.S.A. 901(a), 18 Pa. C.S.A. 3502(a)(4); and, Criminal Mischief under 18 Pa. C.S.A. 3304(a)(5). On July 14, 2015, after a two day trial, a Jury found Defendant guilty of Criminal Trespass, not guilty of Burglary, not guilty of Criminal Attempt to Burglary. Additionally, this Court found Defendant guilty on the summary offense of Criminal Mischief.

Defendant raises two issues on review. First, that the verdict was against the weight of the evidence, as no evidence was presented to establish the breaking element of criminal trespass. Second, that the verdict was based on insufficient evidence, as no evidence was presented to establish the breaking element of criminal trespass.

3

## DISCUSSION

With respect to Defendant's conviction of Criminal Trespass, the verdict of guilty was not against the weight of the evidence as the jury's verdict was not so contrary to the evidence as to shock one's sense of justice.

> An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

Commonwealth v. Widmer, 560 Pa. 308, 319-20, 744 A.2d 745, 751-52 (2000) (internal citations and quotes omitted).

"It has often been stated that 'a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.'" Commonwealth v. Giordano, 2015 PA Super 167,

4

121 A.3d 998, 1007 (Pa. Super. 2015) (*quoting* <u>Commonwealth v. Brown</u>, 538 Pa. 410, 435, 648 A.2d 1177, 1189 (1994)).

In denying Defendant's post-sentence motion, this Court's sense of justice was not shocked by the verdict. Under the Criminal Code Pa. C.S.A. § 3503(a)(1)(ii), "criminal trespass" is defined as follows:

(a) Buildings and occupied structures.

> (1) A person commits an offense if, knowing that he is not licensed or privileged to do so, he:

>> (i)     enters, gains entry by subterfuge or surreptitiously remains in any building or occupied structure or separately secured or occupied portion thereof; or

>> (ii)     breaks into any building or occupied structure or separately secured or occupied portion thereof.

The phrase "breaks into" requires a person "to gain entry by force, breaking, intimidation, unauthorized opening of locks, or through an opening not designed for human access." Id. at § 3503(a)(3). There is significant evidence to show Defendant gained entry onto the White Rose Bar & Grill's patio through an opening not designed for human access. Thus, establishing the breaking element of Criminal Trespass.

5

The Defendant does not deny he was inside the patio area on July 29, 2014, and that he gained access by manipulating the tarp used to secure the patio at night. Defendant testified he entered onto the patio because he was homeless and needed a place to sleep. Id. at 118. Further, Defendant stated: "I slept in...this bar here like twelve (12) times, maybe more, on the porch area. The porch has a little screen on it you tie. He might have the lock on it, but you tie it at the bottom, and I just slid right on in there and I laid down." (Id. at 118, 119.)

When asked to describe the patio area, Jeremiah Anderson, part owner of the White Rose Bar & Grill, testified: "[i]t's a raised concrete area with, it is like wrought iron metal fencing around it, and it's covered with a canvas canopy, and it also has vinyl clear and black sides that are on rollers that slide off to the different corners and are secured....at nighttime we close those vinyl areas which are secured with zippers as well as little clips that are like hurricane straps that we put on the outside that...secure it to the rail." (Id. at 96, 97.)

6

Additionally, when describing how he obtained access to the patio, Officer Roosen testified to going through an adjoining bar through the kitchen to gain access to the inside of the property in order to enter out onto the patio. Id.

Thus, in light of these facts, together with all the facts presented to this court, there was considerable evidence presented to establish Defendant entered onto the White Rose Bar & Grill's patio by opening a portion of the encompassing protective tarp, and through the wrought iron fence, not designed for human access. The jury heard the witnesses, evaluated the evidence, and was convinced of Defendant's guilt. This Court finds that upon careful consideration of the record in its entirety, that there is substantial evidence to prove all the elements of Criminal Trespass beyond a reasonable doubt.

Defendant next argues that the evidence presented at trial was insufficient to sustain his conviction for criminal trespass because the Commonwealth failed to present evidence to establish the breaking element of Criminal Trespass. Again, the legislature has defined "breaks into" as "[t]o

7

gain entry." Id., § 3503(a)(3). Based on these standards, this Court finds the evidence presented at trial was sufficient to establish that the Defendant broke into the White Rose Bar & Grill's patio by an opening not designed for human access, knowing he was not licensed or privileged to do so.

For the same reasons stated above, this Court concludes that the evidence presented at trial was sufficient to sustain the Defendant's conviction of criminal trespass as a second-degree felony.

## CONCLUSION

Based on the above reasons, this Court respectfully urges affirmance of the Jury's verdict on July 14, 2015.

The Clerk of Courts is directed to provide notice of the entry of this Statement to counsel of record.

BY THE COURT,

_____
**MARIA MUSTI COOK, JUDGE**

8