J-S79045-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| GERALD SCOTT CHANDLER, | : | |
| | : | |
| Appellant | : | No. 972 MDA 2018 |

Appeal from the Judgment of Sentence Entered May 17, 2018
in the Court of Common Pleas of Bradford County
Criminal Division at No(s): CP-08-CR-0000708-2017

BEFORE: SHOGAN, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED MARCH 12, 2019**

Gerald Scott Chandler ("Chandler") appeals from the judgment of sentence imposed following his guilty plea to four counts of sexual abuse of children.[1] Additionally, counsel for Chandler, Patrick Beirne, Esquire ("Attorney Beirne"), has filed a Petition to Withdraw from his representation of Chandler and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).[2] We grant Attorney Beirne's Petition to Withdraw and affirm Chandler's judgment of sentence.

_____

[1] **See** 18 Pa.C.S.A. § 6312(b)(2), (c) and (d).

[2] Attorney Beirne did not file a separate Petition to Withdraw and an **Anders** brief; rather, he included both in his appellate brief.

Briefly, Chandler's convictions arise out of his possession and dissemination of child pornography images and videos.[3]  On March 27, 2018, Chandler pled guilty to the above-mentioned offenses.  On May 17, 2018, the trial court sentenced Chandler as follows:

1. For the charge of Sexual Abuse of Children under [section] 6312(b)(2), [Chandler] shall undergo an indeterminate period of incarceration[,] the minimum of which shall be two (2) years and the maximum of which shall be six (6) years.  [Chandler] shall also pay a fine in the amount of One Thousand Dollars ($1000.00).

2. For each of the two charges of Sexual Abuse of Children under [section] 6312(c), [Chandler] shall undergo an indeterminate period of incarceration[,] the minimum of which shall be eight (8) months and the maximum of which shall be five (5) years.  [Chandler] shall also pay a fine for each offense in the amount of Five Hundred Dollars ($500.00).

3. For the charge of Sexual Abuse of Children under [section] 6312(d), [Chandler] shall undergo an indeterminate period of incarceration[,] the minimum of which shall be eight (8) months and the maximum of which shall be five (5) years.  [Chandler] shall also pay a fine in the amount of Two Hundred Fifty Dollars ($250.00).

Sentencing Order, 5/17/18, at 1 (bold omitted).  Notably, each sentence imposed was within the standard sentencing guidelines range.  The trial court ordered the separate sentences to run consecutively, such that Chandler received a total aggregate sentence of four to twenty-one years in prison.

---

[3] One of the pictures depicted the genital area of Chandler's infant granddaughter.

Attorney Beirne, on behalf of Chandler, filed a timely Motion for modification of sentence, asserting that Chandler's sentence was manifestly excessive. The trial court denied this Motion, after which Chandler timely filed a Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

Thereafter, Attorney Beirne filed an **Anders** Brief/Petition to Withdraw as counsel with this Court. Chandler did not respond to this filing.

"When faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:
>
> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> **Santiago**, 978 A.2d at 361. Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any

points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007), **appeal denied**, 594 Pa. 704, 936 A.2d 40 (2007).

**Commonwealth v. Orellana**, 86 A.3d 877, 879-80 (Pa. Super. 2014). Once counsel has satisfied the above requirements, this Court must undertake an independent examination of the record to determine whether the appeal is wholly frivolous. **Commonwealth v. Townsend**, 693 A.2d 980, 982 (Pa. Super. 1997).

Here, Attorney Beirne avers that he has conducted a thorough review of the record and concluded that the appeal is frivolous. **Anders** Brief, 10/1/18, at 18 (Petition to Withdraw as Counsel) ¶ 2. Attorney Beirne states that he has notified Chandler of his intention to withdraw, furnished Chandler with a copy of the **Anders** Brief/Petition to Withdraw, and advised Chandler of his right to retain new counsel, or proceed *pro se*, to raise any points that he believes are worthy of this Court's attention. **Id.** at pp. 18-19; **see also id.** at p. 16. Accordingly, Attorney Beirne has satisfied the procedural requirements of **Anders**.

Attorney Beirne's **Anders** Brief also comports with the requirements of **Santiago**, as it includes a recitation of the history of the case, identifies one potential claim for review, and states counsel's reasons for determining that the claim is without merit and frivolous. Accordingly, because Attorney Beirne has complied with the requirements for withdrawing from representation, we

- 4 -

will independently review the record to determine whether Chandler's appeal is, in fact, wholly frivolous.

Attorney Beirne explains that Chandler wishes to raise the following issue for our review: "Was the sentence imposed on [Chandler] excessive in light of [his] circumstances, particularly with regards to [his] treatment and rehabilitative needs?" *Anders* Brief at 5; *see also id.* at 10 (asserting that, "[a]t sentencing, [Chandler] advised the [c]ourt of certain mitigating factors. [Chandler] suffers from post-traumatic stress disorder, re-adjustment disorder, traumatic brain disorder, cognitive thinking disorder, and back and neck injuries. These ailments are a direct result of [Chandler's] 32 years of honorable service in the U.S. Navy ….").

Chandler's issue challenges the discretionary aspects of his sentence,[4] from which there is no absolute right to appeal. *See Commonwealth v. Hill*, 66 A.3d 359, 363 (Pa. Super. 2013). Rather, where, as here, the appellant has preserved the sentencing challenge for appellate review by raising it at sentencing or in a timely post-sentence motion, the appellant must (1) include in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence, pursuant to Pa.R.A.P. 2119(f); and (2) show that there is a substantial question that the

---

[4] Chandler entered an open guilty plea to the above-mentioned offenses.

- 5 -

sentence imposed is not appropriate under the Sentencing Code. *Hill*, 66 A.3d at 363-64.

Attorney Beirne included a Rule 2119(f) Statement in the *Anders* Brief. *See Anders* Brief at 8-9.[5] However, Chandler's excessiveness of sentencing challenge fails to present a substantial question for our review. *See Commonwealth v. Downing*, 990 A.2d 788, 794 (Pa. Super. 2010) (stating that "[t]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." (citation omitted)); *see also Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) (noting that although an allegation that the sentencing court failed to consider certain mitigating factors generally does not necessarily raise a substantial question, a substantial question is raised where an appellant alleges that the sentencing court imposed sentence in the *aggravated range* without adequately considering mitigating circumstances); *Commonwealth v. Gonzalez-Dejusus*, 994 A.2d 595, 598 (Pa. Super.

---

[5] We note that the 2119(f) Statement sets forth only the respective sentences that Chandler received, and where they fell on the sentencing guidelines ranges. It does not specify how Chandler believes that there is a substantial question that these sentences violate the fundamental norms of sentencing. *See Commonwealth v. Diehl*, 140 A.3d 34, 44-45 (Pa. Super. 2016) (stating that "we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists."). However, because the Commonwealth has not filed an appellate brief or otherwise challenged this defect, nor does it hamper our review, we will overlook it. *See Commonwealth v. Roser*, 914 A.2d 447, 457 (Pa. Super. 2006).

2010) (stating that a sentencing court's exercise of its discretion in imposing consecutive, as opposed to concurrent, sentences is generally not viewed as raising a substantial question). **but cf. Commonwealth v. Caldwell**, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*) (stating that "[t]his Court has [] held that an excessive sentence claim—in conjunction with an assertion that the [trial] court failed to consider mitigating factors—raises a substantial question." (citation and quotation marks omitted)).

Nevertheless, even if this claim presented a substantial question, **see Caldwell**, **supra**, we would conclude that Chandler's challenge to the sentencing court's purported non-consideration of mitigating factors fails. Initially, the sentencing court had the benefit of a pre-sentence investigation report ("PSI"), which the court expressly stated it had considered prior to imposing sentence. N.T., 05/17/18, at 1. Where a sentencing court is informed by a PSI, it is presumed that the court is aware of all appropriate sentencing factors and considerations (including any mitigating factors and rehabilitative needs), and that "where the court has been so informed, its discretion should not be disturbed." **Commonwealth v. Ventura**, 975 A.2d 1128, 1135 (Pa. Super. 2009).

Moreover, the sentencing court stated as follows in support of its rejection of Chandler's discretionary aspects of sentencing claim:

> [A]t the sentencing hearing, the [sentencing court] specifically acknowledged and considered the fact that [Chandler] had no criminal history "prior to these events," [N.T.,] 5/17/18, 1:17-19, and honorably served in the U.S. Navy National Guard, **id.** at

- 7 -

1:23-2:1, both of which were noted in the PSI. The [sentencing court] heard from defense counsel and [Chandler] regarding his military career, which included "thirty[-]two years of honorable service," *id.* at 4:10-11, "to include … Grenada[,] … Iran Hostage Situation[,] … Drug Cartel Enforcement actions in South America[,] … Desert Storm and Desert Shield operations in Iran and Kuwait[.]" *Id.* at 6:4-20. The [sentencing court] noted this was "an extremely difficult case" because it involves a defendant who has "a history that most would be proud of," but it also involves "other actions that are not so public and are criminal and involve children as victims." *Id.* at 9:9-13. After considering "all [of Chandler's] history, [his] background, [his] rehabilitative needs, … the circumstances of the crimes, … [and] the need to protect the community[,]" the [sentencing court] imposed a minimum sentence at the highest end of the standard range[,] for what the court considered "the most severe offense dealing with the granddaughter," and a minimum sentence in the middle of the standard range for the remaining charges, *id.* at 9:13-10:2, for an aggregate minimum sentence of four (4) years. The maximum aggregate sentence, which could have been thirty[-]one (31) years, was twenty[-]one (21) years.

Trial Court Opinion, 8/14/18, at 3. The trial court thus opined that the record belies Chandler's claim that the court failed to consider mitigating factors, and Chandler's sentence was appropriate. *See id.* We agree.

Accordingly, because we discern no abuse of the sentencing court's discretion, nor do we find the standard-range sentences inappropriately excessive, we would have rejected Chandler's challenge to his sentence, even if he had presented a substantial question. *See, e.g., Moury*, 992 A.2d at 171 (stating that "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.").

Finally, our independent review of the record discloses no additional non-frivolous issues that Chandler could raise on appeal.  ***See Townsend***, ***supra***. We therefore grant Attorney Beirne's Petition to Withdraw, and affirm Chandler's judgment of sentence.

Petition to Withdraw granted; Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/12/2019