J-S10035-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GARY CLANTON | : | |
| | : | |
| Appellant | : | No. 764 EDA 2018 |

Appeal from the Judgment of Sentence June 30, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0011724-2012

BEFORE:   GANTMAN, P.J.E., STABILE, J., and COLINS*, J.

MEMORANDUM BY GANTMAN, P.J.E.:                **FILED MARCH 22, 2019**

Appellant, Gary Clanton, appeals *nunc pro tunc* from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his negotiated guilty plea to third-degree murder, conspiracy, and firearms not to be carried without a license.[1]  We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows.  On October 25, 2011, Appellant shot and killed Victim.  Appellant fled the scene and then handed a firearm to Co-Defendant.  On June 30, 2014, Appellant entered a negotiated guilty plea to third-degree murder, conspiracy, and firearms not to be carried without a license.  The court sentenced Appellant

---

[1] 18 Pa.C.S.A. §§ 2502(c), 903, and 6106(a)(1), respectively.

---

*   Retired Senior Judge assigned to the Superior Court.

that same day to an aggregate term of 25 to 50 years' imprisonment.

On March 4, 2015, Appellant timely filed *pro se* his first petition pursuant to the Post-Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546, followed by several amended petitions. On February 16, 2018, the PCRA court granted Appellant relief and reinstated his direct appeal rights *nunc pro tunc*. The court appointed new appellate counsel on March 9, 2018, who filed a timely notice of direct appeal *nunc pro tunc* that same day. The court, on March 15, 2018, ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On March 20, 2018, counsel filed a Rule 1925(c)(4) statement of intent to file an **Anders** brief.

Counsel filed an application to withdraw and an **Anders** brief in this Court on June 20, 2018. On June 25, 2018, counsel filed in this Court a motion to remand for the trial court to hold a hearing pursuant to **Commonwealth v. Grazier**, 552 Pa. 9, 713 A.2d 81 (1998), which this Court denied on July 18, 2018. On November 28, 2018, Appellant filed a *pro se* application in this Court for an extension of time to file a response to counsel's **Anders** brief, which this Court granted. On December 21, 2018, Appellant filed a *pro se* response to counsel's **Anders** brief.

As a preliminary matter, appellate counsel seeks to withdraw his representation pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: (1) petition

the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **Santiago, supra** at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa.Super. 2007). "After establishing that the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Palm**, 903 A.2d 1244, 1246 (Pa.Super. 2006) (quoting **Commonwealth v. Townsend**, 693 A.2d 980, 982 (Pa.Super. 1997)).

In **Santiago, supra**, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither **Anders** nor **McClendon**[2] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal.
>
> *    *    *

---

[2] **Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981).

- 3 -

> Under **Anders,** the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

**Santiago, supra** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** at 178-79, 978 A.2d at 361.

Instantly, appellate counsel filed a petition for leave to withdraw. The petition states counsel performed a conscientious review of the record and concluded the appeal is wholly frivolous. Counsel also supplied Appellant with a copy of the withdrawal petition, the brief, and a letter explaining Appellant's right to proceed *pro se* or with new privately-retained counsel to raise any additional points Appellant deems worthy of this Court's attention. In his **Anders** brief, counsel provides a summary of the relevant facts and procedural history of the case. Counsel refers to facts in the record that might arguably support the issues raised on appeal and offers citations to relevant law. The brief also provides counsel's reasons for concluding that the appeal is frivolous. Thus, counsel has substantially complied with the requirements of **Anders** and **Santiago**.

In addition to counsel's **Anders** brief, Appellant has filed a *pro se* response with this Court. In general, when examining most non-**Anders** cases, this Court will not review *pro se* briefs filed by appellants who have had the benefit of appellate counsel. **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa.Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

> However, **Anders** specifically contemplates that, after counsel files the **Anders** brief, an appellant may file a *pro se* brief. Indeed, …part of counsel's duty under **Anders** is to advise the appellant of the right to raise points in addition to those in counsel's **Anders** brief. Thus, when conducting an **Anders** review, this Court will consider not only the brief filed by counsel but also any *pro se* appellate brief.
>
> If this Court receives a petition to withdraw and a brief, both submitted in accord with **Anders**, and if we are satisfied that counsel has complied with the three technical **Anders** requirements, we will then undertake our own independent examination of the issues raised in the **Anders** brief and in any *pro se* brief to determine whether we agree with counsel's assessment that the appeal before us is frivolous. If, after our review, we determine that the appeal is frivolous, then we will grant counsel's petition to withdraw and we will affirm the judgment of sentence. However, if it appears that there are non-frivolous issues, we will deny the petition to withdraw and remand the case with directions that counsel file an advocate's brief. An advocate's brief must contain fully developed arguments supporting the appellant's position. After the filing thereof, the Commonwealth will have the opportunity to submit a responsive brief. Upon receipt of the advocate's brief and the Commonwealth's response, we will then decide the merits of the case.

*Id.* at 353-354 (citations omitted). Because Appellant has exercised his right to file a *pro se* brief, we will review his issue as well.

Appellant raises the following issues for our review:

> WHETHER THERE ARE ANY ISSUES OF ARGUABLE MERIT THAT COULD BE RAISED ON APPEAL PRESENTLY BEFORE THIS COURT AND WHETHER THE APPEAL IS WHOLLY FRIVOLOUS?

(**Anders** Brief at 4).

> CAN A *PRO SE* LITIGANT ARGUE INEFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSEL ON DIRECT REVIEW WHEN ABANDONED BY DIRECT APPELLATE COUNSEL VIA AN **ANDERS** BRIEF?

(Appellant's *Pro Se* Supplemental Brief at 5).

After a thorough review of the record, the briefs of the parties, the applicable law, and the reasoned opinion of the Honorable Sandy L.V. Byrd, we conclude Appellant's first issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (**See** Trial Court Opinion, filed May 29, 2018, at 2-4) (finding: Appellant completed both oral and written plea colloquies; Appellant understood nature of charges, factual basis for guilty plea, right to jury trial, presumption of innocence until proven guilty beyond reasonable doubt, permissible range of sentences on charged offenses, and terms of plea agreement; court found Appellant entered his guilty plea knowingly, intelligently, and voluntarily; additionally, Appellant admitted his guilt under oath in open court). The record supports the court's reasoning. Therefore, Appellant's first issue lacks merit.

In his *pro se* issue, Appellant argues his lack of legal training entitles him to challenge prior counsel's deficiencies on direct appeal. Appellant

contends the cumulative effects of numerous errors by prior counsel led to an involuntary and unintelligent waiver of his right to trial. Appellant concludes this Court should remand his case so that he can properly preserve his ineffective assistance of counsel claims in the trial court. Appellant also requests appointment of counsel and reinstatement of his post-sentence motion rights *nunc pro tunc*. We disagree.

As a rule, ineffective assistance of counsel claims should be deferred to proceedings under the PCRA. ***See generally Commonwealth v. Grant***, 572 Pa. 48, 813 A.2d 726 (2002) and its progeny. Our Supreme Court has further held:

> By way of summary, we hold that ***Grant***'s general rule of deferral to PCRA review remains the pertinent law on the appropriate timing for review of claims of ineffective assistance of counsel; we disapprove of expansions of the exception to that rule recognized in [***Commonwealth v. Bomar***, 573 Pa. 426, 826 A.2d 831 (2003), *cert. denied*, 540 U.S. 1115, 124 S.Ct. 1053, 157 L.Ed.2d 906 (2004); and we limit ***Bomar***, a case litigated in the trial court before ***Grant*** was decided and at a time when new counsel entering a case upon post-verdict motions was required to raise ineffectiveness claims at the first opportunity, to its pre-***Grant*** facts. We recognize two exceptions, however, both falling within the discretion of the trial judge. First, we appreciate that there may be extraordinary circumstances where a discrete claim (or claims) of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice; and we hold that trial courts retain their discretion to entertain such claims. …
>
> Second, with respect to other cases and claims, including cases such as ***Bomar*** and the matter *sub judice*, where the defendant seeks to litigate multiple or prolix claims of counsel ineffectiveness, including non-record-based claims,

- 7 -

> on post-verdict motions and direct appeal, we repose discretion in the trial courts to entertain such claims, but only if (1) there is good cause shown, and (2) the unitary review so indulged is preceded by the defendant's knowing and express waiver of his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA. In other words, we adopt a paradigm whereby unitary review may be available in such cases only to the extent that it advances (and exhausts) PCRA review in time; unlike the so-called **Bomar** exception, unitary review would not be made available as an accelerated, extra round of collateral attack as of right. … This exception follows from the suggestions of prior Court majorities respecting review of prolix claims, if accompanied by a waiver of PCRA review.

**Commonwealth v. Holmes**, 621 Pa. 595, 598-99, 79 A.3d 562, 563-64 (2013) (most internal citations omitted). Absent these qualifications, an appellate court will not entertain ineffective assistance of counsel claims for the first time on direct appeal. **Id.**

Instantly, Appellant's *pro se* claims of prior counsel's alleged ineffectiveness were undeveloped before the trial court. Moreover, Appellant did not make a knowing, intelligent, and voluntary waiver of PCRA review. Thus, we decline to entertain his complaints on this direct appeal, as they are better raised in a timely PCRA petition, where Appellant can clarify, refine, and develop them for proper review. **See id.** Following our independent review of the record, we conclude the appeal is wholly frivolous. **See Palm, supra**. Accordingly, we affirm and grant counsel's petition to withdraw.

Judgment of sentence affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/22/19

FILED

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

2018 MAY 29 ⸗ 3: 48 FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CRIMINAL SECTION

OFFICE OF JUDICIAL RECORDS
CRIMINAL DIVISION
FIRST JUDICIAL DISTRICT
COMMONWEALTH OF PENNSYLVANIA        :        CP-51-CR-0011724-2012

:

v.

:

GARY CLANTON        :        SUPERIOR COURT

## OPINION

Byrd, J.                                                                                                          May 29, 2018

On June 30, 2014, Gary Clanton entered a negotiated guilty plea to third degree murder, conspiracy, and carrying a firearm without a license, and this court sentenced him to the negotiated term of twenty five (25) years to fifty (50) years incarceration. No post sentence motion was filed, nor did Clanton file a notice of appeal. Clanton filed a *pro se* petition under the Post Conviction Relief Act (PCRA) on March 4, 2015. On April 24, 2017 counsel filed an amended PCRA petition. This court issued an order granting Clanton's petition to reinstate his appellate rights *nunc pro tunc* on February 16, 2018. Clanton filed a notice of appeal to the Superior Court on March 9, 2018. On March 14, 2018, this court ordered petitioner to file a statement of matters complained of on appeal. Appointed counsel filed a statement on March 20, 2018, but noted that he intended to file an *Anders* brief. *Anders v. California*, 386 U.S. 738 (1967).

CP-51-CR-0011724-2012 Comm. v. Clanton, Gary
Opinion

8115453771

1

# STATEMENT OF MATTERS COMPLAINED OF ON APPEAL

Petitioner raised the following issue in his statement of matters complained of on appeal[1]:

1. Appellant's plea was not entered into knowingly, intelligently, and voluntarily, plea counsel coerced Appellant into taking a plea, and manifest injustice would occur if the plea were not vacated.

## DISCUSSION

By entering into a negotiated guilty plea, defendant has waived "all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed." *Commonwealth v. Eisenberg*, 98 A.3d 1268, 1275 (Pa. 2014). Defendant cannot succeed on any of these grounds. His case was properly within this court's jurisdiction as defendant committed these crimes in the city of Philadelphia. N.T., 6/30/2014, at 20; *Commonwealth v. Jones*, 929 A.2d 205, 210 (Pa. 2007). Further, the sentence is clearly legal because it is within statutory limits. Thus, defendant alleges that his plea was not entered into knowingly, intelligently and voluntarily, and that he was coerced into taking the plea.

In this case, two guilty plea colloquies were employed by this court, an oral colloquy and a written colloquy. Clearly defendant was aware of the following: the nature of the charges; the factual basis for his guilty plea; that he had an absolute right to a jury trial; that he was presumed innocent until found guilty beyond a reasonable doubt; the permissible range of sentences on the offenses charges, and the terms of the plea agreement. *See Commonwealth v. Willis*, 369 A.2d 1189 (Pa. 1977). Indeed, this court found as a fact that the guilty plea was entered knowingly, intelligently and voluntarily. Further, defendant admitted his guilt to the charges under oath in open court. Thus, petitioner is bound by his statements made during the guilty plea colloquies and may not now assert a claim that contradicts his in court admissions. *Commonwealth v. Muhammad*, 794 A.2d 378, 384 (Pa. Super. 2002).

---

[1] The following is a verbatim account of petitioner's Statement.

2

After the prosecutor summarized the evidence, petitioner confirmed that it was accurate:

**THE COURT**: Did you hear the summary just offered?

**THE DEFENDANT**: Yes.

**THE COURT**: Is that a fair account of what happened?

**THE DEFENDANT**: Yes.

**THE COURT**: Are those the facts you're pleading guilty to?

**THE DEFENDANT**: Yes.

N.T., 6/30/2014, at 39-40.

Furthermore, petitioner did not assert his innocence during the guilty plea colloquies. In fact, he stated the following during his oral guilty plea colloquy:

**THE COURT**: Are you pleading guilty because you are guilty?

**THE DEFENDANT**: Yes.

*Id.* at 40.

Petitioner contends his guilty plea was coerced and not entered into willingly. However, he also stated the following:

**THE COURT**: Now, other than what's on this record, has anyone made you any

promises or threats or forced you to enter into this plea?

**THE DEFENDANT**: No.

**THE COURT**: Is the agreement articulated the full bargain?

**THE DEFENDANT**: Yes.

**THE COURT**: Did you discuss this matter with your attorneys?

**THE DEFENDANT**: Yes.

**THE COURT**: Are you satisfied with those services?

3

**THE DEFENDANT:** Yes.

**THE COURT:** Is the plea you're entering done so of your own free will?

**THE DEFENDANT:** Yes.

**THE COURT:** Is this your decision made knowingly, intelligently and voluntarily?

**THE DEFENDANT:** Yes.

*Id.* at 40-41.

Accordingly, for the foregoing reasons the dismissal of the PCRA petition should be AFFIRMED.

BY THE COURT:

SANDY L.V. BYRD          J.

4