J-S47040-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CAREL D. FOSTER, | : | |
| | : | |
| Appellant | : | No. 420 MDA 2019 |

Appeal from the Judgment of Sentence Entered February 19, 2019
in the Court of Common Pleas of Columbia County
Criminal Division at No(s): CP-19-CR-0000076-2017

BEFORE: DUBOW, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED: OCTOBER 15, 2019**

Carel D. Foster ("Foster") appeals from the judgment of sentence imposed following his guilty plea to simple assault and theft by unlawful taking ("theft").[1] Additionally, counsel for Foster, Hugh C. Taylor, Esquire ("Attorney Taylor"), has filed an Application to Withdraw from his representation of Foster and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We grant Attorney Taylor's Application to Withdraw and affirm the judgment of sentence.

On January 19, 2017, Foster, along with a female co-conspirator, entered the apartment of the victim and demanded that the victim give them money and/or narcotics. Foster's co-conspirator then pinned the victim to a bed, began punching her in the head and face, and threatened to kill her.

---

[1] ***See*** 18 Pa.C.S.A. §§ 2701(a)(1), 3921(a).

When police eventually responded to the victim's residence, they discovered Foster on the victim's bed, unresponsive, after having consumed the victim's prescription medication. U.S. currency from the victim's purse was scattered on the floor around Foster, and Foster had jewelry belonging to the victim in his pants pocket. Subsequently, the Commonwealth charged Foster with, *inter alia*, theft, robbery, simple assault and aggravated assault.

On January 14, 2018, Foster entered an open guilty plea to the above-mentioned offenses. Prior to sentencing, the trial court ordered the preparation of a pre-sentence investigation report ("PSI").

On February 19, 2019, the trial court conducted a sentencing hearing, wherein the court considered a statement by Foster and arguments by counsel. For Foster's conviction of simple assault, the trial court imposed a sentence of seven to fourteen months in prison. For the theft conviction, the court imposed a sentence of seven to fourteen months in prison.[2] Notably to this appeal, the trial court ordered these sentences, which were each in the standard range of the applicable Sentencing Guidelines, to run consecutively, such that Foster received a total aggregate sentence of fourteen to twenty-eight months in prison.

---

[2] Prior to imposing sentence, the trial court emphasized Foster's significant criminal record and the fact that the convictions in this case concerned two separate criminal episodes. *See* N.T., 2/19/19, at 6, 8-9.

Foster, through Attorney Taylor, timely filed a Notice of Appeal. The trial court then entered an Order directing Foster to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. In response, Attorney Taylor filed a Statement announcing his opinion that Foster could not present any issues of merit on appeal, and, therefore, counsel would be filing an **Anders** brief. Attorney Taylor thereafter filed an **Anders** Brief and an Application to Withdraw as counsel, to which Foster did not respond.

"When faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:
>
> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> **Santiago**, 978 A.2d at 361. Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any

points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007), **appeal denied**, 594 Pa. 704, 936 A.2d 40 (2007).

**Commonwealth v. Orellana**, 86 A.3d 877, 879-80 (Pa. Super. 2014). Once counsel has satisfied the above requirements, this Court must undertake an independent examination of the record to determine whether the appeal is, in fact, wholly frivolous. **Commonwealth v. Townsend**, 693 A.2d 980, 982 (Pa. Super. 1997).

Here, Attorney Taylor states in the Application to Withdraw that he has (1) conducted a thorough review of the record and concluded that the appeal is frivolous; (2) notified Foster of counsel's intention to withdraw; (3) furnished Foster with copies of the Application to Withdraw and **Anders** Brief; and (4) advised Foster of his right to retain new counsel or proceed *pro se* to raise any points he believes worthy of this Court's attention. Accordingly, Attorney Taylor has satisfied the procedural requirements of **Anders**.

The **Anders** Brief also comports with the requirements of **Santiago**, as it includes a recitation of the history of the case, identifies one potential claim for review, and states counsel's conclusion that the claim is without merit and the appeal is frivolous. Accordingly, because Attorney Taylor has complied with the requirements for withdrawing from representation, we will independently review the record to determine whether Foster's appeal is wholly frivolous.

The **Anders** Brief presents the following issue for our review: "Whether the imposition of two [] consecutive sentences of seven [] to fourteen [] months in a state correctional facility is unduly harsh and excessive[,] where [Foster] took responsibility for his actions and ple[]d guilty?" **Anders** Brief at 5.[3]

Foster's issue challenges the discretionary aspects of his sentence, from which there is no absolute right to appeal. **See Commonwealth v. Hill**, 66 A.3d 359, 363 (Pa. Super. 2013).

"[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." **Commonwealth v. Gibbs**, 981 A.2d 274, 282-83 (Pa. Super. 2009) (citation omitted). In the matter *sub judice*, Foster never filed a post-sentence motion or raised a challenge to the discretionary aspects of sentencing during the sentencing proceedings. Accordingly, Foster's issue is waived. **See id.** Nevertheless, in light of the

---

[3] We note that in the Argument section of the **Anders** Brief, Attorney Taylor sets forth two other issues, and rejects the merits of same, which were not identified in the Statement of Questions Presented (namely, a challenge to the voluntariness of Foster's guilty plea and the legality of the sentence). Under Rule 2116(a) of the Pennsylvania Rules of Appellate Procedure, "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116(a). Accordingly, these issues are waived. Nevertheless, we have conducted an independent review concerning these issues and conclude they are wholly frivolous.

fact that Attorney Taylor has filed an **Anders** Brief and Application to Withdraw, we will address Foster's challenge to his sentence. **See Commonwealth v. Lilley**, 978 A.2d 995, 998 (Pa. Super. 2009) (stating that while appellant failed to properly preserve his discretionary aspects of sentencing claim, this Court would address the merits of the claim due to appellant's counsel's petition to withdraw as counsel).

We must examine whether Foster's challenge to his sentence presents a substantial question for our review.[4] **See Commonwealth v. Boyer**, 856 A.2d 149, 152 (Pa. Super. 2004) (stating that, in order for this Court to review a challenge to the discretionary aspects of a sentence, the appellant must present a substantial question that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process).

Attorney Taylor explains that Foster believes that his aggregate sentence is unduly harsh, and the trial court abused its discretion in ordering the separate sentences to run consecutively, where Foster had accepted responsibility for his crimes by pleading guilty. **Anders** Brief at 5, 16.

It is well settled that the imposition of consecutive as opposed to concurrent sentences is solely within the sound discretion of the trial court,

---

[4] Though the section of Attorney Taylor's **Anders** Brief containing the Pa.R.A.P. 2119(f) Statement is underdeveloped, because the Commonwealth has not challenged this defect, we will overlook it. **See Commonwealth v. Roser**, 914 A.2d 447, 457 (Pa. Super. 2006).

and a claim challenging same does not, in and of itself, present a substantial

question. *See Commonwealth v. Johnson*, 961 A.2d 877, 880 (Pa. Super.

2008).

> [A] defendant may raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.

*Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa. Super. 2013) (emphasis

omitted).

In the instant case, Foster advanced nothing more than a bald claim of

excessiveness of sentence attributable to the consecutive nature of his

sentences. This bald claim does not present a substantial question. *See id.*

Moreover, Foster's challenge to the trial court's purported failure to consider

Foster's decision to plead guilty to the crimes does not present a substantial

question. *See Commonwealth v. Downing*, 990 A.2d 788, 794 (Pa. Super.

2010). Moreover, where, as here, a sentencing court is informed by a PSI, it

is presumed that the court is aware of all appropriate sentencing factors and

considerations, including any mitigating factors, and "where the court has

been so informed, its discretion should not be disturbed." *Commonwealth

v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009).

Finally, even if Foster's claim had presented a substantial question, we

would determine that the sentencing court committed no abuse of its

discretion, nor do we find the standard-range sentences inappropriately

excessive. **See, e.g., Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa. Super. 2010) (stating that "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.").

Finally, our independent review of the record discloses no additional non-frivolous issues that Foster could raise on appeal. **See Townsend**, **supra**. We therefore grant Attorney Taylor's Application to Withdraw, and affirm Foster's judgment of sentence.

Application to Withdraw granted; Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/2019